# A. H. Belo Corporation v. Thomas L. Blanton.

No. 7555. Decided June 21, 1939.
(129 S. W., 2d Series, 619.)

*Turner, Seaberry & Springer,* of Eastland, and *J. C. Muse,* of Dallas, for appellant.

Any one being sued in this State has a right to be sued in the county of his residence, and it is necessary for plaintiff in his controverting affidavit to plead specifically the fact or facts, and to prove them by independent evidence, that the case in question comes within one of the exceptions provided by Article 1995, R. S. 1925. Richardson v. D. S. Cage Co., 113 Texas 152, 160, 252 S. W. 747; Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91; Stone Fort Natl. Bank v. Forbess, 126 Texas 568, 91 S. W. (2d) 674.

*William W. Blanton,* of Albany, for appellee.

Appellee complied with every requirement of the venue statute entitling him to maintain and bring his suit in Taylor County. Farmers' Seed and Gin Co. v. Brooks, 125 Texas 234, 81 S. W. (2d) 675; Stockyards Natl. Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300; American Pub. Co. v. Holland, 89 S. W. (2d) 286.

MR. JUSTICE SHARP delivered the opinion of the Court.

This cause is here on certified questions from the Court of Civil Appeals at Eastland. The certificate reads:

"Thomas L. Blanton sued A. H. Belo Corporation for damages for libel. The suit was filed in the District Court of Taylor County. The defendant duly filed its plea of privilege in statutory form to be sued in Dallas County, the county of its residence. The plaintiff filed his controverting affidavit, which eliminating the formal parts and oath, is as follows:

" ' * * this is a civil libel suit brought by plaintiff against said defendant upon libelous publications defaming the plaintiff which the defendant published between the dates of July 5, 1936, and September 3, 1936, both dates inclusive, as set forth and pleaded in plaintiff's original petition, which *for the purpose of showing that this is a civil libel suit* is referred to and made a part of this controverting affidavit the same as if it were now set forth and pleaded herein in full.

" 'Plaintiff shows that he resided in the City of Abilene, County of Taylor and State of Texas where this suit is brought

*at the time of the accrual of said cause of action,* and that for approximately five years immediately preceding said September 3, 1936, the plaintiff resided with his family at No. 3425 South Seventh Street in the City of Abilene, Taylor County, Texas, which was his legal home and place of residence and which during said time had in it their household furniture and family effects, and that for more than twenty-eight years continuously, immediately preceding said Steptember 3, 1936, plaintiff with his family had resided in said City of Abilene, Taylor County, Texas, and that under paragraph No. 29, entitled Libel and Slander, of Article 1995, of the Revised Civil Statutes of Texas, the plaintiff exercised the option therein given him by law to file, and did file, this suit in the County where he resided when the grievances complained of in his Original Petition were by defendant committed, and that as provided in the aforesaid statute, this court has jurisdiction of this case and that venue is properly laid in Taylor County, Texas.' (Italics ours.)

"Plaintiff's petition clearly showed that it was a suit for damage for libel. As shown by the foregoing controverting affidavit, plaintiff's petition was referred to in the controverting affidavit and made a part thereof only 'for the purpose of showing that this is a civil libel suit * *.'" Both the pleading and proof show that at the time plaintiff alleged in his petition that he was libeled by defendant and on the dates alleged in his controverting affidavit he was a resident of Taylor County, Texas. As shown by the controverting affidavit, it contains no allegation of facts showing that plaintiff was libeled by defendant. Plaintiff in his controverting affidavit alleged that 'he resided in the City of Abilene, County of Taylor, State of Texas, where this suit is brought, at the time of the accrual of said cause of action * * *.'

"At the beginning of the hearing on the plea of privilege the trial court stated, in substance, that he was of the opinion that for plaintiff to maintain his suit in Taylor County, it was only necessary for plaintiff to show by his petition that the suit was one for libel and that at the time plaintiff alleged he was libeled plaintiff was a resident of Taylor County, and that the court did not want to take the time required to hear the proof as to whether or not plaintiff had, in fact, been libeled by defendant. Plaintiff announced that he was in accord with said views of the trial court, but that the courts of civil appeals were apparently in conflict on the question, and that for that reason plaintiff desired to make proof of the fact of libel. Upon the tender in evidence of newspaper publications offered for such purpose, the defendant objected on the ground

that there was no pleading to support such proof. The objec-tion was sustained.

"In our original opinion we affirmed the judgment of the trial court overruling defendant's plea of privilege. We there held that defendant, having objected to the said proferred evidence, could not assert the insufficiency of proof that plaintiff was libeled, on the theory that if such proof were essential the action of the defendant in objecting to and causing the exclusion of such proferred testimony constituted invited error.

"On the motion for rehearing we concluded we were in error in holding that such action constituted invited error, as shown by and for the reasons stated in the Minority Opinion. In the Majority Opinion we held that in a case of this kind it was necessary for plaintiff to allege and prove facts showing that at the time plaintiff resided in Taylor County he was libeled by defendant. We further held that plaintiff had neither alleged nor proved that he was libeled by defendant at a time when he resided in Taylor County. In the Minority Opinion it is stated that an allegation in the controverting affidavit that plaintiff resided in Taylor County 'at the time of the accrual of said cause of action' is a sufficient allegation, while in the Majority Opinion we held it was necessary for plaintiff to allege facts showing that he was libeled by defendant and that the quoted allegation is merely a legal conclusion.

"We are in agreement on the proposition that plaintiff has not made proof of the requisite venue facts. On motion for rehearing the judgment of the trial court overruling defendant's plea of privilege was reversed and the cause remanded.

"We are apparently in conflict with the decision of the Austin Court of Civil Appeals in Houston Printing Co. v. Tennant, 76 S. W. (2d) 762.

"This cause is now pending in this court upon plaintiff's (appellee's) motion for rehearing. We herewith transmit the three opinions in this case referred to, certify the following questions and most respectfully request answers thereto:

"1. Is the requirement of R. S. 1925, Art. 2007, providing that defendant's controverting plea to a plea of privilege shall set out 'specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending,' as applicable to a 'suit for damages for libel' (Art. 1995, subd. 29) sufficiently complied with by allegations in the controverting affidavit that the action *'is a civil libel suit'* and that plaintiff was a resident of the County in which the suit was

filed 'at the time of the accrual of said cause of action,' or, in other words, is it necessary, in order to comply with Art. 2007 that such controverting plea (either in itself, or by reference to and adoption of, allegations in plaintiff's petition) allege as venue facts the several elements of the alleged cause of action?

"2. Is an allegation that plaintiff resided in the County where the suit was filed 'at the time of the accrual of said cause of action' sufficient to admit proof that plaintiff was libeled by defendant, or is the quoted allegation a legal conclusion?

"3. If the answer to the preceding questions be such that it would follow therefrom that evidence offered to show a cause of action for libel, was improperly excluded on the ground that such evidence was not supported by the pleadings, is the appellant under the circumstances recited in the accompanying opinions, precluded from urging as a ground for the reversal of the judgment that there was no evidence to show that a libel was committed?"

Questions Nos. 1 and 2 involve the construction of Article 1995, subdivision 29, and Article 2007, of the Revised Civil Statutes of Texas, and will be considered together. Article 1995 provides that, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases: * *" Then follow certain exceptions, and among them is Subdivision 29 of said Article, which reads as follows:

"29. Libel or slander.—A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

■ The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule was declared in the case of Pool v. Pickett, 8 Texas 122, and has been consistently followed since that time.

To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062; Coalson v. Holmes, 111

Texas, 502, 240 S. W. 896; Lasater v. Waits, 95 Texas 553, 68 S. W. 500; Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91.

Article 2007 relates to the procedure governing the filing of a plea of privilege, and provides: "* * and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue." The Article further provides: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

■ A cause of action has been defined "as a fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." 1 Tex. Jur., p. 61, sec. 15. Article 5430, R. C. S. 1925, defines libel. Article 5432 defines what matters shall be deemed privileged and shall not be libelous.

■ Subdivision 29 makes an exception to the general rule, and provides that where a person has been libeled, suit for damages "can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action." The provisions of Subdivision 29 requires the following venue facts: (1) A cause of action for libel accrued; (2) that such cause accrued on a certain date; and (3) that the plaintiff resided in the county where the suit is filed upon that date.

■ Plaintiff filed this suit for libel in Taylor County, the county of his residence. A plea of privilege was filed by the defendant. In his controverting affidavit to such plea of privilege, plaintiff alleged that "this is a civil libel suit * * * as set forth and pleaded in plaintiff's original petition, which for the purpose of showing that this is a civil libel suit is referred to and made a part of this controverting affidavit." Such controverting affidavit contains no allegations of facts showing that plaintiff was libeled by defendant at a time when he resided in Taylor County; and the mere reference to his petition by plaitiff was insufficient to supply the essential facts in order that venue might be placed in Taylor County. By virtue of Subdivision 29, plaintiff seeks to maintain his suit in the county of his residence, and to deprive the defendant of the privilege of being sued in the county of its domicile; and the burden rests upon plaintiff to show, both by plea and proof, that his cause of action comes within such exception.

■ Defendant filed its plea of privilege to be sued in Dallas County. If plaintiff desired to controvert such plea of privilege, it was necessary, under Article 2007, that such controverting plea be made under oath. By the plain terms of such article, such controverting plea must specifically set out the facts to defeat the plea of privilege and establish venue in the county of plaintiff's residence. As was said by Associate Justice Critz in Jeffries v. Dunklin et al., 131 Texas 289, 115 S. W. (2d) 391:

"* * the statute unquestionably contemplates that the controverting plea constitutes the pleadings of the plaintiff on the issue of venue, and such plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit is filed. The statute puts the burden on the plaintiff to plead in his controverting plea, and to prove the facts which will sustain the venue in the court where the suit was filed."

The procedure prescribed in Article 2007 and 2008 shows how the venue facts may be determined and how litigants can ascertain where venue properly lies. This procedure relieves litigants of the hardships of a trial upon the merits in a county where venue does not lie. An appeal may be taken from the judgment sustaining or overruling the plea of privilege.

The case of Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91, involved the construction of Article 2007 and 2008 and Subdivision 9 of Article 1995. Judge Smedley ably reviewed these articles and the decisions bearing upon this question. He stated the well-known rule that where the venue of a cause is challenged under a proper plea by one sued out of the county of his domicile, the burden to allege and prove that the case comes within one of the exceptions of the statutes providing that a person shall not be sued outside the county of his domicile, rests on the plaintiff. In the course of the opinion it was said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of Article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." It was also said: "But proof of the venue facts is the price which the plaintiff pays for the benefits which he expects to derive from the exception. He may avoid the hardships of twice proving that the crime or offense was committed by filing his suit in the county of the defendant's residence. It is better to put the parties to the inconvenience of two trials of the issue than

to deprive the defendant of the valuable privilege of making his defense on the merits in the county of his residence, when the facts to bring the case within the exception do not actually exist." In other words, it is necessary, in order to comply with Article 2007, that the plaintiff in his controverting affidavit to such plea of privilege must allege, either in the controverting affidavit or by a specific reference to and adoption of allegations in his petition sufficient facts as venue facts upon which the alleged cause of action is sought to be maintained. The statute specifically requires that a controverting affidavit to a plea of privilege must be verified. The controverting affidavit filed in this case referred to the petition "for the purpose of showing that this is a civil libel suit," and it does not appear that it was the purpose in referring to such petition, as was done, to unreservedly swear to the allegations contained therein. To meet the requirement of the statute, it was necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof, and thereby swore to the essential facts embodied in the entire petition. The statement made by plaintiff in his controverting plea, wherein he refers to his original petition "for the purpose of showing that this is a civil libel suit," and that he was a resident of Taylor County "at the time of the accrual of said cause of action," is not a sufficient compliance with the rule to defeat the plea of privilege as prescribed by Article 2007. See also Henderson Grain Co. v. Russ, 122 Texas 620, 64 S. W. (2d) 347; Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300.

We answer Question No. 1 as follows:

Article 2007, which provides that controverting affidavit to a plea of privilege shall set out "specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending," as applicable to a "suit for damages for libel" as provided for in Subdivision 29 of Article 1995, is not sufficiently complied with by allegations in the controverting affidavit that the action "is a civil libel suit" and that plaintiff was a resident of the county in which the suit was filed "at the time of the accrual of said cause of action"; and it is necessary, in order to comply with Article 2007, that said controverting affidavit, either directly or by reference to an adoption of allegations in plaintiff's petition, allege as venue facts the essential elements of the alleged cause of action.

We answer Question No. 2 as follows:

■ An allegation that plaintiff resided in the county where the suit was filed "at the time of the accrual of said cause of action" is not sufficient to admit proof that plaintiff was libeled by defendant, and the quoted allegation is merely a legal conclusion.

The answers made to Questions Nos. 1 and 2 render it unnecessary to answer Question No. 3.

Opinion delivered June 21, 1939.