Charles BURKHART, Appellant,

v.

Richard E. BARD, Appellee.

No. 6916.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 14, 1957.

Jesse A. Pardue, Joseph W. Cash, Houston, for appellant.

Ernest S. Fellbaum, Houston, for appellee.

CHADICK, Chief Justice.

Richard E. Bard filed a civil libel suit against Charles Burkhart in a District Court of Harris County, and Burkhart thereupon filed a plea of privilege to be sued in Blanco County. The plea of privilege was overruled.

■ Article 1995, subdivision 29, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 29, the venue exception with respect to libel and slander cases requires that when such an action is brought in the county where the plaintiff resided at the time his claim accrued, the venue facts to be established by pleading and a preponderance of the evidence are: (1) That a cause of action for libel has in fact accrued; (2) that such cause accrued on a certain date; and, (3) that the plaintiff resided in the county where the suit was filed upon that date. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

Appellant's Point 1 complains of appellee's failure to plead that the libel claimed occurred on a date certain. In his second point, appellant contends there is no proof in the record of the date that the libel occurred. Both points are sustained. No merit is found in other points presented.

■ Findings of fact and conclusions of law were filed by the trial court, so this Court is relegated to the pleadings and such findings of fact to determine the correct disposition of the points raised.

■ Examination of plaintiff's original petition shows that if the date the alleged libel accrued is pled, that date must be found in the language of the plaintiff's petition which is here quoted:

"That while Plaintiff was an employee of the Appraisal Section of the Federal Housing Authority, a Governmental Agency, the Defendant wrote, published, and caused to be delivered to Plaintiff's employer in Harris County, Texas, letters containing untrue statements of and concerning the Plaintiff and which impeached his character and injured his reputation and were libelous, as will be hereinafter shown. While the Plaintiff knows of the existence of such letters, and the contents thereof, he has been unable to obtain copies thereof and accordingly cannot allege the contents of such letters verbatim. There were two letters dated between February 15 and February 25, in the year 1955, and a third letter bearing a date in the latter part of February, 1955, or March 1, 1955, the dates and contents of such letters written by the Defendant, or under his direction, are within the peculiar knowledge of the Defendant, and he is here and now given notice to produce copies thereof upon the trial of this cause."

There is nothing elsewhere in the pleading that remotely suggests the date of the publication of the alleged libel, nor does the quoted language when carefully considered. Viewing the quoted allegations in the light most favorable to the appellee's case, all that is said is simply that appellant delivered libelous letters to appellee's employer, two of such letters bearing date between February 15 and February 25, 1955, and the third dated the latter part of February or the first of March, 1955. Such language does not say that the letters were delivered or the libel published on such dates. All that it charges is that the letters were dated on or about such dates. It makes no charge of any particular date or time when the letters were delivered or the libel published. It seems unnecessary to belabor this construction further. The pleading is deficient in failing to allege the date the action accrued. 27 Tex.Jur. sec. 73, p. 729.

■ To determine appellant's second point, the findings of fact filed by the trial

judge must be looked to, and the only finding touching upon this question is the following:

"The Plaintiff, Richard E. Bard, testified that he had a conversation with the Defendant, Charles Burkhart, on the 3rd day of March, 1955 at the residence of the Defendant located in Blanco County, Texas, at which time the Defendant stated to the Plaintiff that he had written and signed two letters, both of which were dated between February 10, 1955 and March 1, 1955, and mailed such letters by United States mail to the Federal Housing Authority in the M & M Building in Houston, Harris County, Texas."

The most that can be said for this finding is that it finds the fact to be that on the 3rd day of March, 1955 appellant told appellee that he had written and signed two letters which were dated between February 10, 1955 and March 1, 1955, and mailed such letters to the Federal Housing Authority. The date when the libel accrued, i.e., when the libel was published, is not shown.

Giving this finding a reasonable construction and the benefit of all inferences, it cannot be said to find as a fact that the libel accrued on the dates mentioned. It is merely a finding that two letters were dated between February 10, 1955 and March 1, 1955. This is not a finding that the letters were either mailed or received or a libel was published on such dates. As to inferences, it cannot be said as a matter of reason or law that a person invariably dispatches a letter on or about the day it is dated or written or signed, or, if so, that a letter is received and its libelous contents published, on such dates. The fact of the accrual of a cause of action on a date certain is not supported by the judge's findings. 1 McDonald, Texas Civil Practice, par. 4.35, p. 411.

■ A reasonable construction of the record is that pleading and proof of the date of accrual of the alleged libel was omitted by inadvertence or because it was tried on the theory that the date of accrual was immaterial and it is probable the case has not been fully developed. Under the rule set out in Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, the case is reversed and remanded for another trial.