**Louis CROOK, Appellant,**

v.

**Newell FINCH, Appellee.**

**No. 3865.**

Court of Civil Appeals of Texas.

Waco.

May 25, 1961.

**336**

Edward G. Murr, Vinson, Elkins, Weems & Wearls, Houston, John T. Golden, Houston, of counsel, for appellant.

Pollan & Nicholson, Rosenberg, for appellee.

WILSON, Justice.

Appeal from order overruling plea of privilege. Appellant's attack on the order is that appellee-plaintiff did not allege or prove either a cause of action for libel, or that any such cause of action accrued on a certain date, under Art. 1995, Subd. 29, Vernon's Ann.Tex.Civil Stats. No findings or conclusions appear in the record.

■ As briefed, appellant's basic contention is that it is neither alleged nor proved on "what date, or specific date, or exact date the alleged libel was published or occurred." The contention is based on language in A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622, in which it was said the venue facts under Subd. 29 are: (1) a cause of action for libel accrued, (2) "that such cause accrued on a certain date", and (3) that plaintiff resided in the county of suit on that date; and upon the opinion in Burkhart v. Bard, Tex. Civ.App., 299 S.W.2d 392, no rehearing. The quoted language concerned venue facts derived from the provision of Subd. 29: "the county in which the plaintiff resided at the time of the accrual of the cause of action." In the Blanton case the plaintiff's pleading contained "no allegation of facts showing that plaintiff was libeled by defendant at a time when he resided" in the county of suit. That the language of the court was not intended to require allegation and proof of a "certain date" in the sense of specific year, month and day, it would appear, is evidenced by the opinion of the same justice in Houston Printing Co. v. Tennant, 120 Tex. 539, 39 S.W.2d 1089. The venue fact was there considered to be that plaintiff resided in the county at the *time* "the cause of action accrued." It would appear the Supreme Court merely meant that it was necessary to plead and prove a cause of action, and that at the time it accrued plaintiff resided in the county. Contemporaneity of residence and accrual of the cause of action is what the Supreme Court obviously held Subd. 29 required. This, of course, would be met by the proof in our case that plaintiff had continuously resided in the county of suit for many years up to the time of hearing on the plea, and that the cause of action alleged and proved accrued during that interval.

■■ It is not necessary, however, for us to rest decision upon appellant's contentions under Subd. 29. Appellee's controverting plea specified also that venue was maintainable under Subd. 29a. Plaintiff sued two defendants: appellant was one; a corporation was the other. The corporation filed an answer, and under the record presented, the action was lawfully maintainable against it in the county of suit under the provisions of Art. 1995. There was sufficient pleading and evidence to show appellant was a necessary party under Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. Appellant does not contend the order is not proper under Subd. 29a. In the absence of findings or conclusions, it is presumed the trial court resolved every issue of fact raised by the evidence in appellee's favor. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 644. Affirmed.