**DEALERS NATIONAL INSURANCE COMPANY et al., Appellants,**

v.

**Warnell ROSE, Appellee.**

**No. 4426.**

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1965.

**536**

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellants.

Steve Latham, Whitney, for appellee.

WILSON, Justice.

Defendants' plea of privilege in a slander action against it was overruled. We affirm.

Plaintiff alleged the defendant agent of defendant insurance company made a false statement to plaintiff's employer that a peace officer had found plaintiff in an intoxicated state, and that unless plaintiff was discharged the insurance company would cancel the employer's insurance. The statement resulted in the discharge of plaintiff, a butane truck driver, it was pleaded.

Defendants' position is that the communication was shown to be conditionally privileged because the insurer and plaintiff's employer had a mutual interest in the safe operation of insured vehicles; and plaintiff failed to prove malice, requisite under such decisions as Johns v. Associated Aviation Underwriters, 5 Cir., 203 F.2d 208. They say plaintiff therefore failed to prove existence of a cause of action as a venue fact under subd. 29, Art. 1995, Vernon's Ann.Civ.St., citing A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622.

That a defamation is qualifiedly privileged is an affirmative defense in the nature of confession and avoidance. International & G. N. R. Co. v. Edmundson, Tex.Com.App., 222 S.W. 181; 36 Tex.Jur. 2d, Secs. 48, 57, pp. 336, 343; Townes, Texas Pleading, 2d ed., 540, 542. It is a defense upon which defendant has the burden of proof. Cranfill v. Hayden, 97 Tex. 544, 80 S.W. 609, 614, 615; 53 C.J.S. Libel and Slander § 220, p. 332. When qualified privilege is shown, the burden is upon plaintiff to show actual malice. This is because the presumption of malice or want of good faith actuating the communication has been negatived by the showing of privilege. Cranfill v. Hayden, above; Simmons v. Dickson, 110 Tex. 230, 213 S.W. 612, 218 S.W. 365.

The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300, 1304; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. The defense is not available on the hearing to defeat venue in the county of suit. Negativing the prima facie cause of action established by plaintiff does not negative the "venue fact." It simply does not af-

fect venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Josey Miller Company v. Wilson, Tex.Civ.App., 384 S.W.2d 231, 232 and authorities cited; Rudman v. Hawkins, Tex.Civ.App., 226 S.W.2d 491; Thomason v. Haskell Nat. Bank, Tex.Civ.App., 56 S.W.2d 242. See Panhandle Publishing Co. v. Fitzjarrald, Tex.Civ.App., 223 S.W.2d 635, 641, reversed on other grounds, 149 Tex. 87, 228 S.W.2d 499. These questions were not directly passed upon in Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165, no writ, relied upon by appellant. Affirmed.