W. D. THORN, d/b/a Anderson Oil Report, Appellant,

v.

THEO H. BLUE DRILLING, INC., Appellee.

No. 6217.

Court of Civil Appeals of Texas, El Paso.

Oct. 13, 1971.

Rehearing Denied Nov. 10, 1971.

Carl Steckelberg, Midland, for appellant.

Ken G. Spencer, Crane, Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Odessa, for appellee.

## OPINION

PRESLAR, Justice.

This appeal is from an order of the District Court of Crane County overruling the plea of privilege of W. D. Thorn, d/b/a Anderson Oil Report to be sued in the County of his residence, Midland County, Texas. We are of the opinion that the lower Court was correct and that the order should be affirmed.

Appellee, Theo H. Blue Drilling Company, Inc., brought this suit in the County of its residence against Appellant, W. D. Thorn, doing business as Anderson Oil Report, alleging libel in one of his publications. Appellant publishes and furnishes daily to its subscribers, the Anderson Oil Report. This publication enjoys a circulation throughout that portion of West Texas known as the Permian Basin, and it provides the oil and gas industry with a daily report as to wells being drilled, giving such information as: their location, ownership of the lease, name of the drilling contractor, proposed depth, addresses of owners and contractors, progress reports, and whether wildcat or designated field. In its publication of August 4, 1970, a report was carried about a Pecos County wildcat to be drilled by Lario Oil & Gas Co. as lease owner and Blue Drilling Co. of Crane as the drilling contractor. It contained the following:

"(Note: Last hole to be drilled by Blue with this rig; preparing to auction.")

This quoted statement is the basis for the alleged libel.

Appellant's first point of error is:

"Appellee failed to state a *prima facie* case in that the language complained of was not libelous."

Libel is defined by statute, Art. 5430, Vernon's Ann.Tex.Civ.St., and includes a defamation tending to injure one's reputation and expose him to financial injury. A false statement that a merchant is bankrupt is held to be libelous per se. Dun and Bradstreet, Inc. v. O'Neil, 456 S.W.2d 896 (Tex.Sup.1970); Hirshfield v. Ft. Worth National Bank, 83 Tex. 452, 18 S.W. 743 (1892); Denton Publishing Company v. Boyd, 460 S.W.2d 881 (Tex.Sup.1970). And, under these same authorities, damage is presumed where the statement is libelous per se. Appellee-Plaintiff's premise is that the "preparing to auction" statement was tantamount to a statement that Blue was bankrupt or experiencing financial difficulties, that it would be so understood in the industry. Blue called a witness of many years experience in the industry who testified that when he read the quoted language of the Report, his reaction was "I thought they were going out of business", and to him the words meant "That they were broke". This witness detailed what happens when a drilling contractor goes broke; that the rig must be moved off the hole and another contractor brought in to finish the hole; that they sell their rig; that in the Permian Basin, most of these sales are conducted by auction; that there are two or three persons who make their living by auctioning off rigs. Evidence was also presented that Blue operated only the one rig. Appellee urges that in the area, the auction of a rig is an inference that one is broke, especially so where one is a one-rig outfit disposing of the tools of the trade and the only means of doing business. As Appellee states it:

"To it, the word AUCTION is as flaming damnation and ruin as would be the whisper of unchastity to a bride on the eve of her marriage."

The statement that Appellee was "preparing to auction" is on its face not libelous per se, but we think the evidence sufficient to uphold the trial Court's implied finding that the statement was understood or interpreted in the industry to mean that Blue was broke—bankrupt. The evidence is weak in that regard, but suffices under the state of the record. The state of the record is that no findings of fact or conclusions of law were made by the trial Court, same being discretionary with the trial Court in a venue hearing, but the trial Court is presumed to have found facts necessary to support the judgment rendered and the establishment of a cause of action is a necessary venue fact under subd. 29 of Art. 1995, V.A.C.S.; also, the point of error made by Appellant is that the Appellee failed to make a "prima facie" case. Appellant called no witnesses and presented no evidence except such as was brought out on cross examination of Appellee's witnesses. In the ordinary venue hearing, Plaintiff has the burden of establishing the venue facts by the preponderance of the evidence. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. The rule laid down in that case is:

" 'If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff'—then it is to be concluded that there is evidence to support the verdict."

When the evidence is viewed in the light of this rule, it must be concluded that it constitutes evidence of probative force to support the trial Court's implied finding that the statement was libelous. Additionally, the Appellant elected to offer no evidence to contravene that of the Plaintiff, and his assignment of error in this Court is only that the Plaintiff failed to make out a "Prima facie" case. The assignment is overruled.

Appellant urges that a prima facie case was not made for the reason that the Plaintiff failed to overcome the defense of qualified privilege or prove malice in lieu thereof. He relies on the rule of law that where a communication is privileged, or qualifiedly privileged, the aggrieved party must show malice to prove a cause of action. No malice was proved, but same was unnecessary because privilege is an affirmative defense and has no place in the venue trial. Privilege is an affirmative defense in the nature of confession and avoidance. Denton Publishing Company v. Boyd, 460 S.W.2d 881 (Tex.Sup.1970). Appellant's defense of qualified privilege was not available to him on the plea of privilege hearing to defeat venue in the county of suit, as negativing the prima facie cause of action established by the Plaintiff does not negative the venue fact. Dealers National Insurance Company v. Rose, 396 S.W.2d 535 (Tex.Civ.App. 1965, n. w. h.). The law stated in that case is controlling here:

"The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. The defense is not available on the hearing to defeat venue in the county of suit. Negativing the prima facie cause of action established by plaintiff does not negative the "venue fact." It simply does not affect venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Josey Miller Company v. Wilson, Tex.Civ.App., 384 S.W.2d 231, 232, and authorities cited; Rudman v. Hawkins, Tex.Civ.App., 226 S.W.2d 491; Thomason v. Haskell Nat. Bank, Tex.Civ.App., 56 S.W.2d 242. See Panhandle Publishing Co. v. Fitzjarrald, Tex.Civ.App., 223 S.W.2d 635, 641, reversed on other grounds, 149 Tex. 87, 228 S.W.2d 499. These questions were not directly passed upon in Creswell v. Pruitt, Tex.Civ.App.,

239 S.W.2d 165, no writ, relied upon by appellant. Affirmed."

As stated in McDonald, Texas Civil Practice, Vol. 1, at page 614:

"At the venue hearing there is no occasion to examine affirmative defenses to the plaintiff's claim, except so far as they may be inseparably involved in determining a venue fact. If the controverting affidavit brings the cause within a venue exception, the Court will not on the venue hearing consider matters in abatement, the insufficiency of the petition to state an enforceable claim, or affirmative defenses."

We do not view Nickson v. Avalanche Journal Publishing Co., 344 S.W.2d 749, (Tex.Civ.App.Amarillo, 1961, n. w. h.) as being in conflict with this opinion, because of the nature of the sole assignment of error presented in that case.

All points of error have been considered, and all are overruled. The judgment of the trial Court is affirmed.

RAMSEY, C. J., not sitting.