**GENERAL MOTORS ACCEPTANCE COR-
PORATION et al., Petitioners,**

v.

**Hugh HOWARD et al., Respondents.**

No. B-3195.

Supreme Court of Texas.

Oct. 18, 1972.

Liddell, Sapp, Zivley & Brown, Glen E. Clover, Houston, for petitioners.

John L. Fulbright, Beaumont, for respondents.

DANIEL, Justice.

This appeal involves venue questions in a libel suit filed in the county of plaintiffs' residence under Subdivision 29 of Article 1995.[1] The principal question is whether plaintiffs, in making prima facie proof of the accrual of the cause of action, were required on the plea of privilege hearing to meet and negate an affirmative defense that the defamatory publication was conditionally privileged. The trial court made no such requirement in overruling the plea of privilege, and the Court of Civil Appeals affirmed. 474 S.W.2d 929. We affirm.

Hugh Howard and Howard Motor Company, Inc., instituted this libel suit in Tyler County, alleging the publication of defamatory statements against them by the defendants, General Motors Acceptance Corporation (G.M.A.C.) and J. F. Young, manager of the G.M.A.C. office in Lufkin,

on a date when plaintiffs resided in Tyler County. G.M.A.C. filed a plea of privilege to be sued in Harris County and Young filed a plea to be sued in Angelina County.

There was proof at the venue hearing that at the time in question Howard was a resident of Tyler County and President of Howard Motor Company, Inc., a Texas Corporation with its principal place of business in Woodville, Tyler County; that the company was an authorized local dealer under written contracts with the Chevrolet and Oldsmobile Divisions of General Motors; that G.M.A.C. was engaged in the financing or "floor planning" of the company's new automobiles under an arrangement by which G.M.A.C. took title to the cars under trust agreements and notes which were released as the dealer made sales and arranged for payments; that the dealership contracts provided for termination by the dealer upon thirty days written notice, in which event it was agreed that the respective General Motors Divisions would repurchase the dealer's inventory of new cars at dealer's net cost. Howard, on behalf of the company, gave the required written notice of termination effective January 8, 1970. On January 9, 1970, Howard voluntarily delivered possession of $150,000 worth of new automobiles to Young, who moved them to another location in Woodville and ultimately transferred the titles as directed by the appropriate General Motors Divisions. No claim or notice of any indebtedness was given to plaintiffs at the time. However, upon discovering that Citizens State Bank of Woodville held and had filed with the Secretary of State a security agreement which purported to cover Howard Motor's inventory, Young, on behalf of G.M.A.C., mailed a letter to the bank on January 21, 1970, in which he made the statements complained of in this

---

1. All statutory references are to Vernon's Annotated Texas Statutes. The Subdivision reads: "29. Libel or Slander.—A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the *accrual of the cause of*

*action*, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff." (Emphasis supplied.)

lawsuit. The letter is copied in full in the opinion of the Court of Civil Appeals. 474 S.W.2d 929, 931. The gist of the complained of language is contained in the following excerpts:

"This is to notify you, in connection with our repossession of the collateral under the above account [Howard Motor Company, Inc.], that: 1. You may redeem said collateral any time during the period ending on January 28, 1970, by payment of $150,080.04, said amount being the sum of the items comprising (a) your unpaid obligation for principal and interest . . ., (b) reasonable expenses of retaking and storing said collateral . . . . 2. In the event the repossessed collateral is not redeemed in accordance with the foregoing, we will dispose of it in such manner as is permitted by law . . . . "

Plaintiffs alleged and Howard testified that the statements in the letter indicating that Howard Motor was in default on a $150,000 debt and that the cars were repossessed to satisfy such debt were false. Young testified that he believed the statements to be true, and he and G.M.A.C. contend that in any event the letter was a conditionally privileged communication from the holder of a first lien to the holder of a second lien on mortgaged property. They further contend that since plaintiffs offered no evidence of malice, plaintiffs failed to make a prima facie showing that a cause of action had accrued. The trial court refused to permit full development of the evidence on conditional privilege, relying upon the holding in Dealers National Insurance Company v. Rose, 396 S.W.2d 535 (Tex.Civ.App.1965, no writ) that this affirmative defense is not available to defeat venue in the county of suit.

■■ Subdivision 29 of Article 1995 has been held to establish a policy in this State that citizens may litigate their rights in libel suits "in the county where they vote, pay taxes, and have their residence among the people who know them best . . . ." Houston Printing Co. v. Tennant, 120 Tex. 539, 39 S.W.2d 1089, 1091 (1931). It is not subject to the rule of strict construction which applies to other exceptions to the general venue provision of Article 1995. Evans v. American Pub. Co., 118 Tex. 433, 13 S.W.2d 358, 16 S.W. 2d 516 (1929). In order to establish venue in Tyler County, plaintiffs had to make prima facie proof of three venue facts: (1) that a cause of action for libel accrued in their favor against defendants; (2) the date of its accrual; and (3) that plaintiffs resided in Tyler County on that date. Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770 (1945); A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939).

■■ The accrual of a cause of action results when facts come into existence which entitle one to institute and maintain a suit. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S. W.2d 716, 721 (1945); A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W. 2d 619, 621 (1939); Shamrock Oil and Gas Corporation v. Price, 364 S.W.2d 260, 262 (Tex.Civ.App., 1963, no writ). The accrual of a cause of action is not negated by a showing that it may be subject to defeat on the merits by an affirmative defense. Thus, false statements indicating that a plaintiff is bankrupt have been held to be libelous per se, even though a suit for damages therefor may be defeated on the merits by an affirmative defense of conditional privilege. Denton Publishing Company v. Boyd, 460 S.W.2d 881 (Tex. 1970); Dun and Bradstreet, Inc. v. O'Neil, 456 S.W.2d 896 (Tex.1970); Thorn v. Theo H. Blue Drilling, Inc., 472 S.W.2d 535 (Tex.Civ.App., 1971, no writ). The above cases indicate that malice is not an essential element of the original cause of action, although once the defendant establishes an affirmative defense of privilege, the burden is upon the plaintiff to show, if he can, that the privilege was lost because of malice. These defenses and counter-defenses go to the merits and often, as here, involve fact issues or mixed issues

of law and fact. This Court held in *Boyd,* supra:

"Privilege is an affirmative defense in the nature of confession and avoidance; and, except where the plaintiff's petition shows on its face that the alleged libelous publication is protected by a privilege, the defendant has the burden of proving that the publication is privileged. A. H. Belo & Co. v. Looney, 112 Tex. 160, 246 S.W. 777 (1922); Dealers National Insurance Co. v. Rose, 396 S.W.2d 535 (Tex.Civ.App.1965, no writ) . . . ." (460 S.W.2d at 884)

The case of Dealers National Insurance Co. v. Rose, supra, cited by this Court for the above holding in *Boyd,* is directly in point on the present venue question. The defendant there, as here, contended that the alleged slander was conditionally privileged, and that since plaintiff failed to prove malice at the venue hearing, he therefore failed to prove the accrual of a cause of action as a venue fact under Subdivision 29. In a well reasoned opinion written by the late Justice Frank Wilson, the Court overruled this contention, saying:

"That a defamation is qualifiedly privileged is an affirmative defense in the nature of confession and avoidance . . . . It is a defense upon which defendant has the burden of proof. Cranfill v. Hayden, 97 Tex. 544, 80 S.W. 609, 614, 615; 53 C.J.S. Libel and Slander § 220, p. 332. When qualified privilege is shown, the burden is upon plaintiff to show actual malice. This is because the presumption of malice or want of good faith actuating the communication has been negatived by the showing of privilege. Cranfill v. Hayden, above; Simmons v. Dickson, 110 Tex. 230, 213 S.W. 612, 218 S.W. 365.

"The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304; Farmers' Seed & Gin Co. v.

Brooks, 125 Tex. 234, 81 S.W.2d 675. The defense is not available on the hearing to defeat venue in the county of suit. Negativing the prima facie cause of action established by plaintiff does not negative the 'venue fact.' It simply does not affect venue." [citation of cases omitted]

The *Rose* case was followed in a venue case involving a similar fact situation in Thorn v. Theo H. Blue Drilling, Inc., supra, in which the Court said:

"No malice was proved, but same was unnecessary because privilege is an affirmative defense and has no place in the venue trial . . . . Appellant's defense of qualified privilege was not available to him on the plea of privilege hearing to defeat venue in the county of suit, as negativing the prima facie cause of action established by the Plaintiff does not negative the venue fact."

The general rule, which was applied in the above cases, is stated in McDonald, Texas Civil Practice, Vol. 1, at page 614:

"At the venue hearing there is no occasion to examine affirmative defenses to the plaintiff's claim, except so far as they may be inseparably involved in determining a venue fact. If the controverting affidavit brings the cause within a venue exception, the Court will not on the venue hearing consider matters in abatement, the insufficiency of the petition to state an enforceable claim, or affirmative defenses."

We hold that the lower courts correctly applied the above rule in overruling the pleas of privilege in the present case. We express *no opinion as to the merit or* applicability of the alleged conditional privilege, since these are issues to be developed and determined at the trial on the merits.

It should be noted that we granted the writ in this case because of an apparent conflict with decisions in other venue cases

which involved the necessity of showing "the accrual of the cause of action." For instance, in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941), a conversion case sought to be maintained by plaintiffs in the county of their residence under Subdivision 23, the Court held that "by reason of the facts in evidence as stipulated by the parties for the trial of the plea of privilege" the plaintiffs failed to show that the acts of the corporation were wrongful and thus failed to show that a cause of action arose. There is broad language in that case which would indicate the propriety of extensive inquiry into the merits on venue hearings which require proof of the accrual or existence of a cause of action. However, we have found no instance in which that case has been followed to the extent of requiring a plaintiff to negate affirmative defenses in venue hearings. We have found only one venue case involving affirmative defenses in which a Court of Civil Appeals has cited *Victoria Bank,* and there the Court of Civil Appeals was reversed by this Court because of its holding that an affirmative defense was properly considered by the trial court in the plea of privilege hearing. Southwestern Investment Co. v. Allen, 322 S.W.2d 324, 328 (Tex. Civ.App.1959), reversed in Southwestern Investment Company v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959). There is also an apparent departure from the general rule in the dicta or holdings in two slander cases, Creswell v. Pruitt, 239 S.W.2d 165 (Tex.Civ.App,1951, no writ) and Walker v. Martin, 129 S.W.2d 1149 (Tex.Civ.App. 1939, no writ), and in the holdings in two libel cases, Conkwright v. Globe News Publishing Company, 398 S.W.2d 385 (Tex.Civ.App.1965, no writ) and Nickson v. Avalanche Journal Publishing Co., 344 S.W.2d 749 (Tex.Civ.App.1961, no writ). In the two libel cases, plaintiffs' petitions showed that the alleged libelous publications were within the statutory privileges granted to newspapers under certain circumstances set forth in Article 5432. Cf. Denton Publishing Co. v. Boyd, supra.

Those statutory privileges do not apply to the alleged defamation in the present case, and neither does plaintiffs' petition show on its face any other conditional privilege.

In any event, as heretofore indicated, the better rule applicable to this case, and the one most in harmony with the policy stated in Subdivision 29 and the general rule as to affirmative defenses, is stated in Dealers National Insurance Co. v. Rose, supra. It should be followed in venue hearings which present similar fact situations. Any language or holdings in the cases cited in the preceding paragraph, including Victoria Bank & Trust Co. v. Monteith, which are in conflict with our holding in this case are disapproved to the extent of the conflict.

■■ Petitioners also contend that the corporation, Howard Motor Company, Inc., cannot have a cause of action for libel under this Court's holding in Newspapers, Inc. v. Matthews, 161 Tex. 284, 339 S.W.2d 890 (1960), and that under the same decision no cause of action could accrue to Howard individually because he was not identified as owning any of the corporate stock. The first contention misinterprets our decision in *Newspapers, Inc.* It did not hold that a corporation cannot be libeled. On the contrary, the opinion (at p. 893) specifically recognized that a corporation, as distinguished from a business, may be libeled, citing Bell Publishing Co. v. Garrett Engineering Co., 141 Tex. 51, 170 S.W.2d 197 (1943), and Restatement of the Law of Torts, Vol. 3, Sec. 561. As to Howard individually, petitioners have perhaps overlooked the recitations contained in their Exhibits 1–A and 1–B which recite that Howard owned and pledged to the bank 100% of the capital stock of the corporation. The proof further shows that Howard was known by the bank president to be the president of Howard Motor Company, the owner of its capital stock and the person responsible for its actions. Also, there was at least a prima facie showing that Howard was denied further loans by

the bank after it received the letter from G.M.A.C. This is sufficient evidence of identity with the corporation and personal financial injury from the alleged defamation to satisfy the requirements of both the majority and the dissenting opinions in *Newspapers, Inc.,* supra.

Accordingly, the judgments of the lower courts are affirmed.