**Johnie P. HEAD, Appellant,**

v.

**Ruby NEWTON, Appellee.**

**No. A2260.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1980.

Wayne H. Paris, Houston, for appellant.

Charles DeJean, Houston, Edwin H. White, Rocksprings, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is a venue case involving section 29 of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). Johnie P. Head (appellant) filed suit in Harris County, the county of his residence, against Ruby Newton (appellee), for alienation of affections and for slander. Appellee filed a plea of privilege requesting that the case be transferred to Real County, the county of her residence.

Appellant filed a controverting affidavit alleging that sections 9 and 29 of Article 1995 applied and that venue was proper in Harris County. At a hearing to determine if section 29 was applicable to the instant case, the trial court sustained appellee's plea of privilege and ordered the case transferred to Real County.

■ The issue in this case is whether plaintiff, on the plea of privilege hearing involving section 29, must prove a cause of action for slander by "a preponderance of the evidence" or just prove "a prima facie case." Generally, when a "cause of action" is a required venue fact such must be proved by a preponderance of the evidence. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (Tex.Sup.1935).

However, the supreme court in construing section 29, has stated that "it [is] the policy of this state, in a case of this kind, to permit citizens to litigate their rights in the county where they vote, pay taxes, and have their residence among the people who know them best . . . ." *Houston Printing Co. v. Tennant*, 120 Tex. 539, 39 S.W.2d 1089, 1091 (Tex.Sup.1931). Furthermore, it has been held that this exception "is not subject to the rule of strict construction which applies to other exceptions to the general venue provision of Article 1995." *General Motors Acceptance Corporation v. Howard*, 487 S.W.2d 708, 710 (Tex.1972). The *Howard* case also states that a plaintiff in such a case need only make a prima facie showing that a cause of action for slander accrued in his favor. *Id.*

■ The appellant has made a prima facie case of slander. Two witnesses testified by deposition that Newton told them that she (appellee) believed appellant to be a "homosexual" or a "queer." It has been held that the statement that someone was a "queer" is slanderous per se because it imputes the crime of sodomy. *Buck v. Savage*, 323 S.W.2d 363 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.). This is still the law even though under the new Penal Code, the offense is no longer punishable by imprisonment. *See* Tex. Penal Code Ann. § 21.06 (Vernon 1974).

Under the *Howard* case, *supra*, a prima facie case is all that is necessary to be proved under section 29 of Article 1995 along, of course, with the residence of plaintiff being that of the county of suit. We therefore reverse and render judgment overruling the plea of privilege and remand for trial on the merits.

Reversed, rendered and remanded for trial.