The **TIMES HERALD PRINTING CO.**, Appellant,

v.

**Bill BESSENT, Appellee.**

**No. 8469.**

Court of Civil Appeals of Texas, Beaumont.

May 29, 1980.

Rehearing Denied June 19, 1980.

Jack Pew, Jr., Dallas, for appellant.

Bill Neal, Vernon, B. A. Spivey, Austin, Thomas A. Neely, Wichita Falls, for appellee.

KEITH, Justice.

This venue appeal involves the quantum and burden of proof required of a plaintiff in overcoming a plea of privilege in a libel action.

Plaintiff was a resident of Travis County at all times material to this suit. He brought suit against two defendants, United Press International—which answered generally without filing a plea of privilege—and Times Herald, a newspaper pub-

lishing company domiciled in Dallas County. Times Herald filed its plea of privilege and it was duly controverted by plaintiff who invoked *Subdivisions 23, 29, and 29a, Tex. Rev.Civ.Stat.Ann. art. 1995 (1964)*.

Plaintiff alleged that the defendants "did each willfully, maliciously, negligently, and with reckless disregard for the truth" publish an untrue and libelous statement relating to him:

> "Bill Bessent was fired from D.P.S. [Department of Public Safety] job several months ago for allegedly planting narcotics on suspects and roughing up persons arrested on narcotics charges."

Upon the hearing of the controverting affidavit, only plaintiff testified. He told of having been discharged by the Department of Public Safety for charges which did *not* include those set forth in the news article. At the time of his discharge, plaintiff was, in his own words:

> ". . . the Captain, the Commander of the Dallas District of the DPS Narcotics Service . . . [with] four agents under my command . . . ."

After plaintiff was fired, he sought a hearing before the Department and the news item was in connection with his imminent hearing.

At the hearing below, plaintiff made no attempt to sustain venue under *subdivisions 23 and 29a* of the venue statute. Consequently, we will confine our discussion to *subdivision 29* quoted in the margin.[1]

Before beginning our discussion of the law of defamation and First Amendment rights as developed by the Supreme Court of the United States since 1964,[2] we will take a broad overlook at the burden imposed upon a plaintiff under Texas law controlling venue in libel actions.

In the seminal case of *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619, 622 (1939), the Court held:

> "The provisions of Subdivision 29 require the following venue facts: (1) A cause of action for libel accrued; (2) that such cause accrued on a certain date; and (3) that the plaintiff resided in the county where the suit is filed upon that date."[3]

Under definitive holdings of our own Supreme Court, a cause of action accrues "when facts come into existence which entitle one to institute and maintain a suit." But, "[t]he accrual of a cause of action is not negated by a showing that it may be subject to defeat on the merits by an affirmative defense." *General Motors Acceptance Corporation v. Howard*, 487 S.W.2d 708, 710 (Tex.1972). No proof of malice is required because that is in the nature of an affirmative defense which "has no place in the venue trial." *Thorn v. Theo H. Blue Drilling, Inc.*, 472 S.W.2d 535, 537 (Tex.Civ.App.—El Paso 1971, no writ), quoted with approval in *Howard*, supra.

Our Supreme Court undertook the task of making application of the new federal rules to libel actions in *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809 (Tex.1976). Justice Johnson's review of the many decisions on the subject is helpful in deciding the question now before us. *Foster* was a review of a summary judgment where the record appeared to have been developed fully. On the contrary, we have an abbreviated record wherein all of the relevant testimony consists of a few pages of the testimony from the plaintiff himself. And, his own testimony established that he was the ranking officer of the Department of Public Safety in charge of the narcotics

---

1. "A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendant, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

2. The trend began with *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964).

3. In *Belo*, supra, it was said also: "A cause of action has been defined 'as a fact or facts entitling one to institute and maintain an action, which *must be alleged and proved* in order to obtain relief.'" (129 S.W.2d at 621, emphasis supplied.)

squad in Dallas with four men under his supervision.

■ From our review of the sparse record and the myriad of cases on the subject, we are of the opinion that plaintiff was a "public figure" under the rationale of the cases from the Supreme Court of the United States discussed by Justice Johnson in *Foster*, supra. (541 S.W.2d at 814–815.) Consequently, we now hold that plaintiff was subject to the federal constitutional rule of law which "prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'." *New York Times Company v. Sullivan*, 376 U.S. 254, 279, 84 S.Ct. 710, 726, 11 L.Ed.2d 686, 706, 95 A.L.R.2d 1412 (1964). See also, *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403, 405 (Tex.1969), and authorities therein cited.

Plaintiff argues, mistakenly, that *GMAC v. Howard*, supra, prohibits defendant from using the *Sullivan Rule* in a venue hearing. The difference between the two rules is plain: In *Howard* the defendant sought to interpose the affirmative defense of privilege to defeat venue in the county of plaintiff's residence. The Supreme Court of Texas held, and properly so, that such privilege, being an affirmative defense, had no place in a venue hearing.

On the other hand, under *Sullivan* and its progeny, proof of malice was an essential element of plaintiff's cause of action; and, upon a failure to prove malice at the venue hearing, plaintiff failed to prove that he had a cause of action which had "accrued". See cases cited in *Howard*, supra (487 S.W.2d at 710).

Plaintiff, citing the recent case of *Head v. Newton*, 596 S.W.2d 209 (Tex.Civ.App.— Houston [14th Dist.] 1980, no writ), argues that he is entitled to maintain venue because he proved a prima facie case upon the venue hearing. We do not find fault with the *holding* in *Head v. Newton*. That was a case involving "purely private defamation" between private individuals and there was no hint of media participation when the full panoply First Amendment rights must pre-

vail. Nor are we persuaded by plaintiff's reliance upon *Poe v. San Antonio Exp.-News Corp.*, 590 S.W.2d 537 (Tex.Civ.App. —San Antonio 1979, writ ref'd n. r. e.). In *Poe*, the publisher failed to establish that the schoolteacher plaintiff was either a public figure or a public official. Plaintiff was a high-ranking police officer charged with supervising others in the enforcement of drug laws.

As noted earlier, we are of the opinion that plaintiff's own testimony fitted him into the public official category as that term is defined in libel actions.

Finally, plaintiff argues that defendant had, upon several earlier occasions, published truthful reports of his difficulties with his employer and wholly failed, on the occasion made the basis of this suit, to check its own files. He argues, in essence, that defendant's own files disclosed the falsity of the statements contained in the article; hence, it had actual knowledge of its falsity.

Assuming, *arguendo*, the accuracy of the factual support of the argument, we do not reach the conclusion posited by plaintiff. In *El Paso Times, Inc. v. Trexler*, supra, the Supreme Court held that, although the newspaper wholly failed to investigate the truth or falsity of a statement prior to publication, such fact did not "show actual malice as defined in the *New York Times* case." (447 S.W.2d at 406.) Still later, in *Dun and Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896 (Tex.1970), the Court held that the failure of the defendant's agent to check information which he had in a folder on his desk constituted "no probative evidence to raise a fact issue on the question of actual malice." (456 S.W.2d at 900.)

■ Since plaintiff failed to prove the existence of a cause of action, it necessarily follows that the trial court erred in overruling defendant's plea of privilege to be sued in Dallas County.

While we have two defendants in this cause, only one filed a plea of privilege; and, a study of plaintiff's pleading convinces us that the cause of action asserted against the defendants is severable, or at

least, joint and several. Consequently, it is our duty to transfer the suit insofar as it concerns our appellant—The Times Herald—and to permit the trial court to retain jurisdiction over the co-defendant, United Press International. *International Harvester Co. v. Stedman*, 159 Tex. 593, 324 S.W.2d 543, 545 (1959); *Johnson v. First National Bank of Brenham*, 42 S.W.2d 870, 871 (Tex.Civ.App.—Waco 1931, no writ), quoted in *Stedman*, supra.

We now sever the cause of action as to the two defendants, reverse the judgment of the trial court overruling Times Herald's plea of privilege to be sued in Dallas County, and remand the cause to the trial court with instructions to transfer the cause, insofar as it relates to the Times Herald, to one of the District Courts of Dallas County for disposition on the merits.

Reversed and Remanded with Instructions.