Sanford ENGELBERG, Plaintiff,

v.

HULL–DAISETTA INDEPENDENT SCHOOL DISTRICT, Ed Zachary, and Lawrence Tywater, Defendants.

No. 93–CV–299.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 10, 1994.

---

**91**

Laurence Wade Watts, Watts & Glover, L.L.P., Houston, TX, for plaintiff.

Jeffrey John Horner, Stephen L. Braun, Bracewell & Patterson, L.L.P., Houston, TX, for defendants.

*MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REMANDING MATTER TO STATE COURT*

SCHELL, District Judge.

Before this court is Defendants' Motion for Summary Judgment filed on October 20, 1993. By leave of court, Plaintiff's response was timely filed on January 19, 1994. Upon consideration of the motions, attached legal memoranda, and supporting materials, this court is of the opinion that Defendants' motion should be GRANTED IN PART and this case REMANDED to State court.

## BACKGROUND

Plaintiff, who died on October 30, 1993, was formally terminated from his position as a high-school principal for the Hull–Daisetta I.S.D. on June 16, 1989. Throughout a series of contested administrative hearings before and after the termination,[1] the District de-

fended its decision on the ground that Plaintiff had committed a number of acts which were in the nature of sexual harassment.[2]

On August 5, 1991, Plaintiff filed suit in the 58th Judicial District Court of Jefferson County, Texas, complaining of his termination. The Original Petition did not raise a question of federal law. On June 2, 1993, a First Amended Original Petition was filed, which petition further alleged that the termination was in violation both of the United States Constitution and 42 U.S.C. § 1983. A Notice of Removal relying on 28 U.S.C. § 1331 federal question jurisdiction was filed on June 25, 1993.

As to the instant motion, summary judgment is required when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## THE FEDERAL CLAIMS

Defendants allege that Plaintiff's recently added causes of action under federal law are time-barred. This court agrees with their assertion that the instant claims are governed by the forum state's general two-year statute of limitations for personal injury actions. *See, e.g., Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir.1993). Defendants, citing *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), conclude that any causes of action arising out of his termination accrued no later than June 16, 1989 (the date of his formal termination)— therefore, they argue, the August 5, 1991 lawsuit was untimely filed.[3]

Plaintiff's response, although not citing any authority in support thereof, argues that the claims are not time-barred on two grounds: (1) that Defendants concealed various fraudu-

---

1. These included evidentiary hearings which took place: 1) on June 16, 1989, before the District's Board of Trustees; and 2) on September 24, 1990, before a hearing officer of the Texas Education Agency.

2. Testimony was also elicited which accused Plaintiff of theft in regard to certain alleged cash shortages.

3. For this reason, Plaintiff's contention that the 1993 First Amended Original Petition "related

lent acts from Plaintiff until 1990;[4] and (2) that the termination was not final until Plaintiff's motion for reconsideration of the State Commissioner of Education's adverse decision was denied by operation of law on September 26, 1991. Neither argument is meritorious.

### a. Allegations of Fraudulent Concealment

■ Under Texas law, for the purpose of statute of limitations computations, a cause of action begins to accrue "when facts come into existence that entitle the plaintiff to bring suit." *Shelton v. Exxon Corp.*, 921 F.2d 595, 602 (5th Cir.1991) (citing *General Motors Acceptance Corp. v. Howard*, 487 S.W.2d 708, 710 (Tex.1972)). It is clear in the instant matter that Plaintiff's formal termination on June 16, 1989 "entitled" him to bring suit over his disagreement.[5]

The alleged "fraudulent concealment" is not a valid basis for departure from that rule.[6] The record demonstrates that Defendants' actions attained the "degree of permanence that should trigger [a] claimant's awareness of and duty to assert [his] rights"[7] no later than June 16, 1989, the date upon which he was formally terminated.

On these facts, the question of whether or not Defendants "concealed" certain evidence need not be answered. Plaintiff, strenuously contesting what he considered to be an unjust termination in June of 1989, either knew or should have known of the presently-alleged constitutional violations. It is hornbook law that statutes of limitations are generally not tolled by the mere fact that one's claim is in some fashion bolstered by evidence discovered after the cause of action has accrued. His failure to file suit until over two years had elapsed bars the instant claim.

### b. Plaintiff's Alternative Argument.

■ Plaintiff's alternative argument—that the cause of action did not begin to accrue until his administrative remedies were exhausted on September 26, 1991—is foreclosed by the United States Supreme Court's decision in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). In *Ricks*, the Court was faced with an array of proffered dates to be used as the "measuring date" for an illegal-discharge claim. Settling on a date on which the plaintiff had been "abundantly forewarned" of his employer's action, the Court wrote that:

> [W]e already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods. The existence of careful procedures to assure fairness in [employment] decisions should not obscure the principle that limitations periods normally commence when the employer's decision is made.

*Id.* at 261 (citations and footnotes omitted). The instant facts make clear that the employment decision of which Plaintiff complains was "made" no later than June 16, 1989, the date that he was formally notified that he had been terminated. Plaintiff's federal claims, regardless of whether they "relate

---

back" to the original date of filing is irrelevant to this court's ultimate decision.

4. For instance, Plaintiff alleges that he did not discover until March of 1990 that the last-minute failure of certain witnesses to appear on his behalf at the June 1989 hearing was a result of threats by Defendants and its agents that their contracts would not be renewed for the following year.

5. There is, of course, no "exhaustion of administrative remedies" predicate to judicial assertion of the federal claims herein presented. *Cf. Tolbert v. U.S.*, 916 F.2d 245, 247 (5th Cir.1990) (Title VII claimants must first exhaust available administrative remedies before bringing judicial action).

6. Nor is it clear that Plaintiff was unaware at the time of his formal termination that Defendants were allegedly acting underhandedly. *See, e.g.*, Opposition Ex. 2 (June 9, 1989 letter—written to Defendants' Liberty counsel and "cc'ed" to Plaintiff—objecting to allegedly improper removal from Plaintiff's office of files which were "absolutely necessary to the formulation of a proper and reasonable defense").

7. *Russell v. Board of Trustees of Firemen et al.*, 968 F.2d 489, 493 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1266, 122 L.Ed.2d 662 (1993).

back" to the August 1991 filing of his state-court suit, are time-barred.

### CONCLUSION

Because no judicial action was brought within two years of his formal termination, Plaintiff's federal claims are time-barred. Defendants' Motion for Summary Judgment is GRANTED insofar as Plaintiff's federal claims are DISMISSED WITH PREJU-DICE. Further, as only questions of state law remain, this court will exercise its discretion to REMAND the remaining state claims to the 58th Judicial District Court of Jefferson County, Texas. 28 U.S.C. 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993).