**Ed FOSTER and El Paso Times, Inc., Petitioners,**

v.

**Richard UPCHURCH, Respondent.**

**No. C–309.**

Supreme Court of Texas.

Dec. 2, 1981.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, Richard Munzinger, Carolyn Crinkley and Howell Cobb, III, El Paso, for petitioners.

McMahon, Cox, Tidwell, McCoy, Sharp & Hansen, Bill McCoy, Steven L. Clack and Jerry D. Caddel, Odessa, for respondent.

DENTON, Justice.

This is a venue case arising under Tex. Rev.Civ.Stat.Ann. art. 1995, § 29,[1] involving the venue facts required of a public figure in a libel action to controvert a defendant's plea of privilege. The trial court overruled defendants' pleas of privilege and the court of civil appeals affirmed. 613 S.W.2d 22. We reverse the judgment of the court of civil appeals.

---

1. All statutory references are to Vernon's Tex-    as Revised Civil Statutes Annotated.

While he was a prisoner in the Hudspeth County Jail, Veloz Zuniga received injuries which resulted in his death. A suit was filed by his widow and children against the *Hudspeth* County Sheriff and *Hudspeth* County. That suit was subsequently settled.

Almost three years after Zuniga's death, Ed Foster, a columnist for the El Paso Times, wrote an article about the incident. The lead paragraph, however, incorrectly attributed Zuniga's death to the Sheriff of *Culberson* County, who was in no way involved:

> The death nearly three years ago of Juan Veloz Zuniga after the Culberson County sheriff beat him over the head with a sawed-off pool cue set off a furor across much of Texas.

A similar reference appeared later in the story:

> Mario Martinez, attorney for the Veloz Zuniga survivors, said Wednesday that Culberson County has made the [settlement] payment to the court's registry, and disbursement is pending out of San Antonio.

All other references in the article correctly attributed the incident to Hudspeth County and the Hudspeth County Sheriff.

At the time of Zuniga's death, Richard Upchurch was the Sheriff of Culberson County and Claymon McCutcheon was the Sheriff of Hudspeth County. Sheriff Upchurch was in no way involved in the incident that resulted in the prisoner's death and the subsequent lawsuit. Although the article did not identify Upchurch by name, reference was made to "the Culberson County sheriff." A few days after the El Paso Times published the article, Foster apologized for his error at the end of a subsequent column. Sheriff Upchurch instituted a suit for libel in Culberson County. Foster and the El Paso Times filed pleas of privilege to be sued in El Paso County.

At the venue hearing, Upchurch was the only witness. Foster's original article and the subsequent apology were received in evidence and Upchurch testified that the first paragraph of the initial story was false. There is no real dispute about that issue in the case. It is also undisputed that Upchurch is a public official within the context of the law of defamation. However, there was no proof offered as to Foster's state of mind or the editorial process involved in the writing of the article so as to point to any malice on Foster's part. The trial court denied Foster's and the Times' pleas of privilege. The court of civil appeals affirmed. The issue now before this Court is whether Upchurch produced evidence of all the venue facts required in a libel case involving a public figure.

Tex.Rev.Civ.Stat.Ann. art. 1995 is the general venue statute of Texas, giving defendants the right to be sued in the county of their domicile. There are, however, a number of exceptions to this statute, and if a plaintiff can bring his or her case within one of the exceptions at a venue hearing, the suit need not be tried in the defendant's county. 1 R. McDonald, *Texas Civil Practice* § 4.03.1 (rev. 1981). Subdivision 29 of article 1995 makes libel one such exception. To sustain venue in a libel action, Tex.Rev. Civ.Stat.Ann. art. 1995, § 29 requires the plaintiff to establish the following venue facts: (1) A cause of action for libel accrued; (2) the date of its accrual; and (3) that the plaintiff resided in the county where the suit was filed upon that date. *General Motors Acceptance Corporation v. Howard*, 487 S.W.2d 708 (Tex.1972); *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939). The venue fact contested here is whether the evidence at the venue hearing established that a cause of action for libel accrued.[2]

---

2. It is too often the case in Texas venue litigation that the plaintiff is required to prove by a preponderance of the evidence at the venue hearing all or substantially all of the facts, except for damages, that he or she will be required to prove at the trial on the merits. A prima facie showing of the cause of action is not enough. *Victoria Bank & Trust Co. v. Monteith*, 138 Tex. 216, 158 S.W.2d 63, 67 (1941). The plaintiff must prove each of the venue facts, as in a trial on the merits, and the defendants may offer rebutting evidence.

■ For a public official to recover in a defamation suit, the plaintiff must prove "that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964). "Reckless disregard" requires proof that a false defamatory statement was made with a "high degree of awareness of [its] probable falsity." *Garrison v. Louisiana*, 379 U.S. 64, 74, 85 S.Ct. 209, 215, 13 L.Ed.2d 125 (1964). There must be sufficient evidence to conclude that the defendant in fact entertained "serious doubts" as to the truth of the publication. *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968).

■ In the present case, no evidence was presented regarding Mr. Foster's state of mind or the editorial process that went into the writing and publication of the article. Upchurch simply relied upon the article itself, arguing that the internal inconsistencies therein necessarily prove a reckless disregard of its truth or falsity. We disagree.

■ Section 580A, comment d of the *Restatement (Second) of Torts* (1977), states that reckless disregard is not to be measured by a reasonably prudent person standard. *See also St. Amant, supra*, at 731, 88 S.Ct. at 1325. The *New York Times* malice standard looks to the defendant's state of mind at the time of publication. It is not enough for a plaintiff to show that the defendant made a mistake. *Time, Inc. v. Pape*, 401 U.S. 279, 84 S.Ct. 725 (1971). An "erroneous statement is inevitable in free debate, and . . . it must be protected if the freedoms of expression are to have the 'breathing space' that they 'need . . . to survive'." *New York Times, supra*, at 271–

272, 84 S.Ct. at 721; *See generally* R. Sack, *Libel, Slander, and Related Problems* § V.5 (1980).

Under *New York Times*, actual malice is an essential element of a cause of action for libel against a public official. Therefore, Upchurch was required to produce evidence establishing actual malice at the venue hearing. *See Times Herald Printing Co. v. Bessent*, 601 S.W.2d 487 (Tex.Civ.App.—Beaumont 1980, writ dism'd). The internal inconsistencies of Foster's article, standing alone, do not meet Upchurch's burden of proof on actual malice. More subjective evidence is required. Thus, Upchurch failed to prove an essential venue fact for libel of a public official.

We reverse the judgment of the court of civil appeals and remand the cause to the trial court with instructions to sustain the pleas of privilege and to transfer the cause to El Paso County.

---

*Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97, 100 (1953). The result is that the main issue to be litigated on the merits is often litigated at the venue hearing as well. We are in agreement with the sentiment that modernization of article 1995 and its subsections is long overdue. Numerous calls for venue reform have gone unheeded in the past, largely because of resistance from those who are familiar with the

complexities of our venue laws and fear the uncertainties of any substantial change. The increasing time and expense of litigation, however, are making our current venue laws an unreasonable burden on litigants, taxpayers, and the judicial system as a whole. *See* Guittard & Tyler, *Revision of the Texas Venue Statute: A Reform Long Overdue*, 32 Baylor L.Rev. 561 (1980).