HOUSTON CHRONICLE PUBLISHING COMPANY, Richard J.V. Johnson, and Don Pickels, Appellants,

v.

Norma STEWART, Appellee.

No. 01–82–0870–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 29, 1983.

Rehearing Denied April 12, 1984.

Richard L. Tate, W. Robert Brown, Houston, for appellants.

Marshall Davis Brown, Jr., Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from an order overruling appellants' pleas of privilege in a libel suit brought by appellee.

On June 13, 1982, *The Houston Chronicle* published an allegedly libelous article concerning the performance of Norma Stewart in her duties as the official court reporter for the 240th District Court of Fort Bend County. The article stated that the execution of Roger Leroy DeGarmo, convicted of murder in the 240th District Court, would be delayed because the trial transcript was never sent to the Court of Criminal Appeals. Appellee specifically complains of the statement that, "Court records show that on March 3, 1981, Mrs. Stewart filed the trial transcript on the DeGarmo trial with the district clerk's office. But according to Deputy District Clerk Barbara Schellberg, Mrs. Stewart submitted only the cover sheet to the transcript and not the transcript itself."

Appellee, a resident of Fort Bend County, brought suit for libel against the appellants, residents of Harris County, and the Chronicle reporter for this article, P.I. Evans, a resident of Fort Bend County. Appellants, Richard J.V. Johnson, the President and Publisher of the Houston Chronicle Publishing Company, and Don Pickels, the Managing Editor of that Company, filed pleas of privilege seeking transfer of the action to Harris County, which the trial court overruled. Evans did not file a plea of privilege.

All three appellants contend that the trial court erred in overruling their pleas of privilege because the appellee failed to prove the accrual of a cause of action for libel against them.

Tex.Rev.Civ.Stat.Ann. art. 1995 is the venue statute of Texas, generally granting defendants the right to be sued in the county of their domicile. There are, however, a number of exceptions to this statute, and if a plaintiff can bring the case within one of these exceptions, the suit need not be tried in the county of the defendant's residence. 1 R. McDonald, *Texas Civil Practice* § 4.03.1 (rev. 1981). Subdivision 29 of article 1995 provides that an action for libel is one such exception:

29. Libel or slander.—A suit for damages for libel or slander shall be brought,

and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff.

■ To sustain venue in a libel action in the county of his residence, a plaintiff must establish the following venue facts: (1) that a cause of action for libel accrued; (2) the date of its accrual; and (3) plaintiff's residence in the county where the suit was filed upon that date. *Foster v. Upchurch*, 624 S.W.2d 564, 565 (Tex.1981); *General Motors Acceptance Corporation v. Howard*, 487 S.W.2d 708 (Tex.1972). The venue fact contested here is that a cause of action for libel accrued.

■ To determine whether a cause of action for libel has accrued, it is first necessary to determine whether the appellee should be classified as a "private individual" or a "public official" because the test of liability for one is substantially different from the other. Texas has adopted a "negligence" standard of liability for private individuals, *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809 (Tex.1976), but requires a showing of "actual malice" for public officials. *Foster v. Upchurch, supra.*

The United States Supreme Court established the "actual malice" standard for public officials in *New York Times Company v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), recognizing "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, in that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." The Court has refused to draw up precise lines "to determine how far down into the lower ranks of government employees the 'public official' designation would extend for purposes of this rule, or otherwise to specify categories of persons who would or would

not be included." *New York Times, supra,* 84 S.Ct., at 727. However, the Court has stated that the designation applies to

> "[w]here a position in government has apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general interest in the qualifications and performance of all government employees."

*Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669 at 676, 15 L.Ed.2d 597 (1966).

The Court further held that

> "... it is clear, therefore, that the 'public official' designation applies at the very least to those among the hierarcy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs."

86 S.Ct. 669 at 676.

There is apparently no Texas case specifying whether or not a court reporter is a "public official". Using the guidelines established by the Supreme Court, however, it does not appear that the position of court reporter possesses the requisite "apparent importance" or "substantial responsibility for or control over the conduct of governmental affairs".

■ We hold that appellee is not a "public official" for defamation purposes; rather, she is a "private individual".

In *Foster v. Laredo Newspapers, Inc., supra,* the Texas Supreme Court set out the standard of liability for a private individual as follows:

> We hold that a private individual may recover damages from a publisher or broadcaster of a defamatory falsehood as compensation for actual injury upon a showing that the publisher or broadcaster knew or should have known that the defamatory statement was false. In addition, liability of a publisher or broadcaster of a defamatory falsehood about a private individual may not be predicated upon "a factual misstatement whose content [would] not warn a reasonably prudent editor or broadcaster of its defamatory potential."

■ At the plea of privilege hearing, appellee was required to make a prima facie showing that a cause of action for libel had accrued as to each defendant. *General Motors Acceptance Corporation v. Howard, supra; Head v. Newton,* 596 S.W.2d 209 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). To this extent, appellee identified the language in the *Houston Chronicle* article which was allegedly defamatory, read the same into the record, and testified that the statement was false and that it had affected her professional standing. Furthermore, Deputy District Clerk Barbara Shellberg testified that she had never stated that appellee had submitted only the cover sheets for the transcripts in the Roger Leroy DeGarmo case.

There was no direct testimony that appellants "knew or should have known that the defamatory statement was false." This may be inferred, however, from Shellberg's testimony that she had never made the statement that the *Chronicle* attributed to her. If she had never made the statement, the *Chronicle* should have known the falsity of its quote.

We hold that appellee did make a prima facie showing of libel sufficient to sustain venue in the county of suit against the appellant, Houston Chronicle Publishing Company. We accordingly overrule the first point of error.

■ However, we sustain the second point of error, in which appellants Johnson and Pickels complain that the trial court's order was erroneous because no evidence connected either of them with the publication of the alleged defamation. As stated above, the appellee was required to prove that cause of action for defamation had accrued against each defendant asserting a plea of privilege. Article 1995, Exception 29. Each of the defendant's pleas should have been considered separately, and to defeat the plea of privilege of a particular defendant, the plaintiff was required to connect that defendant with the wrong. 1 McDonald, *Texas Civil Practice,* Sec. 4.35, p. 445. Rules authorizing joinder of non-resident defendants to avoid multiplicity of suits are inapplicable to actions for libel under this venue exception. *A.H. Belo Corp. v. Rayzor,* 620 S.W.2d 756 (Tex.Civ. App.—Fort Worth 1981, no writ).

■ The appellee did not offer any evidence at the venue hearing connecting either of the appellants, Johnson and Pickels, with the alleged defamatory article. Although a corporate officer may be held individually liable for a corporate wrong in which he participates, he cannot be held personally liable merely by reason of his corporate office. *Belo v. Fuller,* 84 Tex. 450, 19 S.W. 616 (1892); *K & G Oil Tool & Service Co. v. G & G Fishing Tool Service,* 158 Tex. 594, 314 S.W.2d 782 (1958). In the case at bar, there was no showing that either Johnson or Pickels were personally connected with the publication of the article in question. Thus, the trial court erred in overruling their respective pleas of privilege.

The trial court's order is affirmed insofar as it overrules the plea of privilege of appellant, Houston Chronicle Publishing Company; however, the order is reversed to the extent that it overrules the pleas of privilege of the appellants, Richard J.V. Johnson and Don Pickels. The pleas of privilege of said appellants are sustained, and the cause of action asserted against them is ordered transferred to Harris County.