**Dennis HOLLY, and Lin Broadcasting Stations d/b/a North Texas Broadcasting Corporation aka KXAS Channel 5, Appellants,**

v.

**Turk CANNADY and First Bank and Trust of Cedar Hill, Appellees.**

No. 05–83–00695–CV.

Court of Appeals of Texas, Dallas.

March 13, 1984.

David H. Donaldson, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellants.

Jeff Joyce, Winstead, McGuire, Sechrest & Minick, Dallas, for appellees.

Before GUITTARD, C.J., and ALLEN and ROWE, JJ.

ALLEN, Justice.

This is an appeal from the denial of a plea of privilege. The appellees, Turk Cannady and First Bank and Trust of Cedar Hill, residents of Dallas County, brought suit in Dallas County against Lin Broadcasting Stations, Inc., North Texas Broadcasting Corporation, a/k/a KXAS–TV Channel 5, and Dennis Holly, for libel. KXAS–TV and Holly each filed a plea of privilege to be sued in the county of their residence, Tarrant County, Texas. Cannady and the Bank filed controverting affidavits alleging that venue was maintainable in Dallas County under TEX.REV.CIV. STAT.ANN. art. 1995, §§ 4, 23, 29, and 29a

(Vernon 1964). The trial court overruled Holly's and KXAS' pleas of privilege, and they appeal. Holly and KXAS claim that the trial court erred in overruling their pleas of privilege because Cannady and the Bank failed to prove a necessary venue fact under subdivisions 29 and 23 of article 1995, to wit: a prima facie cause of action for libel. Holly and KXAS claim that at the venue hearing, there was no evidence, or in the alternative, insufficient evidence presented by Cannady and the Bank to establish a prima facie cause of action for libel. We agree, and therefore, we reverse the judgment of the trial court and remand with instructions.

■ No findings of facts or conclusions of law were filed in this case. Where none are filed, the trial court's judgment implies that all necessary fact findings were made by the court in support of the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto, we can consider only that evidence that is most favorable to the issue and we must disregard entirely that which is opposed to it. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953).

In the spring of 1981, the City Manager of the City of Cedar Hill removed $300,000 to $450,000 of the city's money from the First Bank and Trust of Cedar Hill, complaining that Cedar Hill was receiving 5¾ percent interest on their money when other cities were receiving between 15 and 20 percent. Turk Cannady, a six-time mayor of Cedar Hill, the Mayor pro-tem in the spring of 1981, and a director and public relations employee of the Bank, advised the City Council that the City of Cedar Hill had a depository contract with the Bank. Shortly thereafter, the City Council voted to put the Cedar Hill depository contract up

for bid, which prompted Dennis Holly, a reporter for KXAS–TV Channel 5, to call Turk Cannady at the bank and ask him if there was any problem with the city's money. Cannady told him there was no problem. A few days after the telephone call, Holly and a KXAS–TV cameraman confronted Cannady in the Bank lobby. Holly's first words were, "You lied to me." This statement, which Cannady alleges was libelous, was broadcast on KXAS–TV in the first of a four-part series regarding the funds of the City of Cedar Hill on deposit with the Bank. Further, Holly alleged that because the Bank had paid only 5½ to 5¾ percent interest instead of the 15 to 20 percent interest that other cities received on their public funds, the taxpayers of Cedar Hill had lost $150,000 in interest on the city's funds. There were further allegations by Holly that the Bank had monopolized the city's funds.

Cannady and the Bank brought suit in Dallas County against Dennis Holly and KXAS–TV, alleging that the broadcasts were libelous. Holly and KXAS filed pleas of privilege to be sued in, Tarrant County, the county of their residence. Cannady and the Bank filed controverting affidavits seeking to maintain venue in Dallas County against Holly and KXAS under subdivision 29 of article 1995 and against KXAS under subdivision 23 of article 1995.

We first consider Holly and KXAS' claim that Cannady and the Bank failed to establish the required venue facts which are necessary to maintain venue in Dallas County under subdivision 29 of article 1995. In order to establish venue in Dallas County under subdivision 29 of article 1995, Cannady and the Bank had to make prima facie proof of three venue facts: (1) a cause of action for libel accrued in their favor against the appellants; (2) the date of its accrual; and (3) the appellees resided in Dallas County on that date. *General Motors Acceptance Corp. v. Howard*, 487 S.W.2d 708, 710 (Tex.1972). The venue fact contested here is whether the evidence at the venue hearing established that a cause of action for libel accrued in favor of Cannady and the Bank.

In Texas, a libel cause of action accrues if a defendant publishes a false, defamatory statement of fact of and concerning the plaintiff, *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.), and if the defendant was at fault. *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809 (Tex. 1976), *cert. denied*, 429 U.S. 1123, 97 S.Ct. 1160, 51 L.Ed.2d 573 (1977). Holly and KXAS claim that Cannady and the Bank failed to establish a cause of action for libel because they failed to produce sufficient evidence to show that Holly and KXAS were at fault in publishing the statements in question. Specifically, KXAS and Holly claim that at the venue hearing, Cannady and the Bank failed to offer any evidence that Holly or KXAS published the statements with "actual malice." Holly and KXAS argue that the *New York Times'* "actual malice" standard of fault applies to both Cannady and the Bank because Turk Cannady is a "public official" and the Bank is a "public figure." While Turk Cannady admits that he is a "public official," the Bank denies that it is a "public figure" and claims instead that it is a private plaintiff.

### 1. *Turk Cannady*

Turk Cannady does not dispute that he is a "public official." Therefore, in order to establish a cause of action for libel, he must prove that Holly and KXAS–TV published the statements about him with "actual malice"—that is, with knowledge that it was false or with reckless disregard of whether it was false or not. In *New York Times v. Sullivan*, the Supreme Court of the United States held that the constitutional guarantees of the First and Fourteenth Amendments require "a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reck-

less disregard of whether it was false or not." 376 U.S. at 279–80, 84 S.Ct. at 726. At the venue hearing, Cannady presented no evidence regarding Holly's or KXAS' state of mind or the editorial process that went into the writing and the publication of the broadcast. Cannady simply relies upon the broadcast itself, arguing that the internal inconsistencies therein necessarily prove a reckless disregard of its truth or falsity. We disagree. The *New York Times* "actual malice" standard looks to the defendant's state of mind at the time of publication. *Foster v. Upchurch,* 624 S.W.2d 564, 566 (Tex.1981). "Reckless disregard" requires proof that a false defamatory statement was made with a high degree of awareness of its probable falsity. *Garrison v. Louisiana,* 379 U.S. 64, 74, 85 S.Ct. 209, 215–16, 13 L.Ed.2d 125 (1964); *Foster v. Upchurch,* 624 S.W.2d at 566. There must be sufficient evidence to conclude that the defendant in fact entertained "serious doubts" as to the truth of the publication. *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968); *Foster v. Upchurch,* 624 S.W.2d at 566. The internal inconsistencies of the broadcasts, standing alone, do not meet Cannady's burden of proof on "actual malice." More subjective evidence is required. Thus, Cannady, by failing to show that Holly and KXAS published the statements concerning him with "actual malice," has failed to prove that Holly and KXAS were at fault, which is a necessary element in establishing a cause of action for libel. In failing to establish a cause of action for libel, Cannady has failed to establish an essential venue fact under subdivision 29 of article 1995, and therefore it necessarily follows that the trial court erred in overruling the defendant's plea of privilege to be sued in Tarrant County on the basis of subdivision 29 of article 1995.

## 2. *The Bank of Cedar Hill*

■ Holly and KXAS allege that the Bank is a "public figure" and was therefore required to show that Holly and KXAS published the statements with "actual malice." The *New York Times* "actual malice" rule, which previously had been restricted in application to "public officials," was extended to cover "public figures" in *Curtis Publishing Co. v. Butts,* and its companion case, *Associated Press v. Walker,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). The Bank denies that it is a "public figure," and claims instead that it is a private plaintiff, and therefore, is not required to prove "actual malice," but rather, is required to show only that the publisher or broadcaster "knew or should have known that the defamatory statement was false." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Foster v. Laredo Newspapers Inc.,* 541 S.W.2d 809, 819 (Tex.1976). We need not decide whether the Bank is a "public figure" because we conclude that even if the less stringent standard of *Foster v. Laredo Newspapers* is applicable, there is no evidence in the record that Holly or KXAS knew the statements made by them regarding the Bank were false when published. There was no testimony from either Holly or any employee of KXAS concerning what they did or did not know at the time the statements were broadcast. Further, there is no evidence that KXAS or Holly should have known that the statements relating to the Bank were false. All that the record before us indicates is that the city council of Cedar Hill had met on several occasions prior to the broadcasts in question. These meetings concerned the deposit of city funds. The city manager of Cedar Hill, Frank Procter, had already removed some of the city's deposits from the Bank, and the council was putting the depository contract up for bids. The record shows that in a personal interview, Frank Procter told Dennis Holly that the city was receiving only 5½ to 5¾ percent on its investments when other cities were receiving 15 to 20 percent, and that this could have led to the taxpayers of Cedar Hill losing an estimated $150,000 in interest. There is simply no evidence indicating the existence of circumstances which would have prompted a reasonable person to question the statements made and conclu-

385

sions drawn by the city manager Frank Procter. *See Roegelein Provision Co. v. Mayen*, 566 S.W.2d 1 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). We hold that the Bank presented no evidence that Holly or KXAS "knew or should have known that the statements made were false." Therefore, the Bank has failed to establish a cause of action for libel. By failing to establish a cause of action for libel, the Bank has failed to prove an essential venue fact under subdivision 29 of article 1995 which was necessary in order to maintain venue against Holly and KXAS in Dallas County. Thus, the trial court erred in overruling Holly and KXAS' plea of privilege on the basis of subdivision 29 of article 1995.

Additionally, the appellees sought to maintain venue in Dallas County against KXAS–TV under subdivision 23 article 1995, which provides:

23. Corporations and associations.— Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or it in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such a county; or, if the corporation, association, or joint stock company had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency representative...

KXAS–TV argues that the trial court erred in relying on subdivision 23 of article 1995 as a basis for overruling its plea of privilege in that subdivision 29 is a mandatory venue provision which takes precedence over a permissive venue provision. We need not reach the appellant's argument regarding the mandatory nature of

subdivision 29 of article 1995. Since it is undisputed that KXAS–TV had its principal office in Tarrant County, Cannady and the Bank, in order to establish venue in Dallas County under subdivision 23 against KXAS–TV were required to show: (1) that Cannady or the Bank was a resident of Dallas County at the time the cause of action arose, provided that KXAS–TV had an agent or representative in Dallas County when the cause of action arose or (2) that the cause of action or a part thereof arose in Dallas County. Under either alternative Cannady and the Bank were required to prove a cause of action. Since we have already found that the Bank failed to prove a cause of action for libel, which is the only cause of action alleged in their petition, we hold that they failed to prove the necessary venue facts to sustain venue against the Bank in Dallas County under subdivision 23 of article 1995.

We reverse the judgment of the trial court and remand the cause to the trial court with instructions to sustain the pleas of privilege and to transfer the cause to a District Court in Tarrant County.