**Peter A. SHERMAN, Appellant,**

v.

**The TIMES HERALD PRINTING CO., d/b/a The Dallas Times Herald, Appellee.**

**No. 08–83–00150–CV.**

Court of Appeals of Texas, El Paso.

May 16, 1984.

---

C. Thomas Wesner, Jr., Wesner, Coke, Boyd & Clymer, Dallas, for appellants.

Charles L. Babcock, D.L. Case, Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from a jury tried libel case in which the Appellant was awarded actual damages and no exemplary damages. We affirm.

Appellant Peter A. Sherman is president of Shermco Industries, Inc. A federal grand jury returned an indictment against Shermco Industries, Inc., for defrauding the U.S. Department of Defense by collecting some $15,000.00 on false claims vouchers for equipment not purchased. The Appellee, Times Herald Printing Company, published an article stating incorrectly that Appellant Sherman was the one indicted. It ran a correction article the following day. Appellant brought this action and a jury found that the article was false and defamatory; that the Appellee was negligent in its failure to properly investigate and in publishing the article; and that Appellant's actual damages were $7,500.00. The jury refused to find that the article was published with actual malice and consequently did not reach the issue of exemplary damages. Appellant appeals the judgment awarding him $7,500.00 actual damages.

■ Crucial to Appellant's case is the necessity to prove actual malice. If he cannot prove actual malice, he cannot collect punitive damages and has therefore won all the damages to which he is entitled. Private individuals can hold media defendants accountable for libel by proving negligence, but recovery for such negligence is limited to actual damages. *Gertz v. Robert Welch, Inc.*, 471 F.2d 801 (7th Cir.1972), rev'd on other grounds, 418 U.S. 323, 349–350, 94 S.Ct. 2997, 3011–3012, 41 L.Ed.2d 789, 811 (1973); *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809, 819, 820 (Tex. 1976); *A.H. Belo Corporation v. Rayzor*, 644 S.W.2d 71, 82 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

In its charge the court instructed the jury:

You are instructed that "actual malice" means that the article in question was published with the defendant's knowledge that it was false or with reckless disregard of whether it was false or not. Reckless disregard means that the defendant in fact entertained serious doubt as to the truth of the publication.

Failure to investigate the truth or falsity of a statement before it is published is by itself insufficient to show actual malice. Negligence, that is failure to act like a reasonable prudent man in the same or similar circumstances, is likewise insufficient.

By Issue No. Seven, the jury was asked: Do you find by clear and convincing evidence that the Article complained of by Plaintiff was published by Defendant with "actual malice" as the term has been defined for you?

To that the jury answered "No." In his objections to the charge, Appellant contended that since Appellant is a private individual, not a public official, the standard of care under *Foster v. Laredo Newspapers, Inc.*, supra, is simple negligence and the actual malice instruction should not be given. That objection to the submission of the malice issue is not a point of error on appeal. Appellant does assign as error, in connection with the malice issue, the court's instructions on failure to investigate and the clear and convincing evidence standard of proof.

■ On the matter of failure to investigate, it should be noted that the court's instructions said that such "is by itself insufficient" to show actual malice. That is a correct statement of the law. In *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403 (Tex.1969), the Supreme Court said:

We think, as a matter of law, that the evidence does not show actual malice as defined in the *New York Times* case [376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686]. Failure to investigate the truth or falsity of a statement before it is published has been held insufficient to show actual malice. Negligence or failure to act as a reasonably prudent man is likewise insufficient. *New York Times v. Sullivan*, supra, and *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

And in *Dun and Bradstreet v. O'Neil*, 456 S.W.2d 896 (Tex.1970), the Supreme Court held that the failure of the defendant's agent to check information which he had in

a folder on his desk constituted "no probative evidence to raise a fact issue on the question of actual malice."

■ Appellant was required to prove actual malice not by a preponderance of the evidence, but by clear and convincing evidence. *Long v. Arcell*, 618 F.2d 1145 (5th Cir.1980), cert. denied, 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981); *Gertz v. Robert Welch, Inc.*, supra; *A.H. Belo Corporation v. Rayzor*, supra; *Times-Mirror Co. v. Harden*, 628 S.W.2d 859 (Tex.App.—Eastland 1982, no writ).

■ As evidence of actual malice, Appellant points to Appellee's reply to an interrogatory asking about any discussion concerning the publication of the incorrect article. The reply indicated that an editor discussed the seriousness of the error with the writer of the article during the week of December 9, 1977. Appellant contends this shows actual malice as it demonstrates knowledge of falsity prior to publication of the article on December 17. That the December 9 date was a typing error for December 19 is obvious and the sequence of events urged by the Appellant was impossible. The indictment did not occur until December 16, so it could not have been discussed on December 9. The article was published on December 17, so the seriousness of its error could not have been discussed between the writer and editor on December 9 when neither the indictment had been filed nor the article written. Proof of malice requires proof of the defendant's state of mind at the time of publication. The standard is not an objective standard. *Foster v. Upchurch*, 624 S.W.2d 564 (Tex.1981). There is in the record before us no evidence of actual malice.

■ Appellant assigns error in the failure of the court to grant his motion for a directed verdict on all issues except the matter of actual and punitive damages. He urges that the court erred in failing to instruct the jury that the Appellee printed a false and untrue article; that to charge one falsely with the commission of any crime is libel per se; and that same is defamatory. In that we see no error, because the court submitted those issues to the jury and as has been noted, the jury found that the complained of statements in the article were substantially false and untrue, that the article was defamatory and that Appellant had suffered damages. Judgment was rendered in favor of Appellant based upon such findings. By these jury findings, Appellant received that which he was asking the court to give him by instruction. His points of error in this regard are now immaterial. *Whited v. Powell*, 155 Tex. 210, 285 S.W.2d 364 (1956); *Rains v. Heldenfels Brothers*, 443 S.W.2d 280 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.). The jury found for the Appellant on all special issues except the one inquiring about actual malice. Reversible error is not presented because the error complained of did not cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

■ Appellant has points of error complaining of the failure of the trial court to submit his requested issues on a cause of action for invasion of the right to privacy. He cites the single case of *Billings v. Atkinson*, 489 S.W.2d 858 (Tex.1973). That case was the first recognition in Texas of the cause of action for invasion of the right to privacy. It has since been followed by numerous cases and by Tex.Rev.Civ.Stat. Ann. art. 9019 (Vernon Supp.1984) which prohibits audial prying into conversations and prescribes criminal penalties and civil remedies for the violation of the statute. The single case cited by Appellant, *Billings v. Atkinson*, is a wiretap case and has nothing to do with the issues in the present case and is no authority for the Appellant's request for the submission of such issues. The trial court did not err in refusing the issues as there is no evidence in the record which would call for their submission. Also, error, if any, in this regard is harmless because Appellant has recovered on the alternative theory of libel and he is not entitled to a double recovery for the single publication. Prosser, Law of Torts, chapter 20, Right of Privacy, sec. 117 at page 814 (4th ed. 1974).

All points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.