James E. REVELEY, D.D.S.

v.

BERG PUBLICATIONS, INC., d/b/a
Mortuary Management Magazine,
and Tom Fisher.

Civ. A. No. SA–83–CA–413.

United States District Court,
W.D. Texas,
San Antonio Division.

Oct. 29, 1984.

James S. Wilkins, San Antonio, Tex., for plaintiff.

Mark J. Cannan, San Antonio, Tex., for defendants.

## ORDER

PRADO, District Judge.

The matter before the court is defendants' resisted motion for judgment notwithstanding verdict filed July 20, 1984.

On July 6, 1984 the jury rendered a verdict for plaintiff finding that an article written by defendant Fisher and published by Berg Publications in a mortuary trade journal defamed plaintiff. Judgment was entered on July 13, 1984 awarding plaintiff $34,000 actual damages and $86,000 punitive damages consistent with the jury's verdict.

Defendants now move for judgment n.o.v. arguing that the article was an expression of opinion and therefore not actionable. They also argue that the evidence presented was not "clear and convincing" that defendants published the article with either actual awareness of its falsity or with reckless disregard of its truth or falsity. Finally, defendants contend that there was no evidence that plaintiff suffered actual injury to his reputation as a result of the publication.

■ When ruling on a motion for judgment n.o.v., the court must focus its analysis on the evidence presented to the jury. The evidence must be considered in the light most favorable to the verdict winner and all reasonable inferences drawn in favor of the prevailing party. If there is any substantial evidence or evidence of such quality and weight that reasonable and fairminded persons exercising impartial judgment might reach a different conclusion, the motion should be denied. *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969); *Dalaton v. Toyota Motor Sales, Inc.*, 703 F.2d 137 (5th Cir.1983).

Libel is defined as "a defamation expressed in printing or writings ... tending to injure the reputation of one who is alive and thereby expose him to public hatred, contempt or ridicule." *Tex.Rev.Civ.Stat. Ann.* art. 5430 "[T]he gist of an action for libel is injury to plaintiff's reputation." *Lyle v. Waddle*, 144 Tex. 90, 188 S.W.2d 770, 771 (1945). Balancing the important first amendment interests present when the alleged defamation concerns a public figure such as this plaintiff against providing compensation for injuries to reputation, the Supreme Court has directed that proof of actual injury, whether impairment of reputation and standing in the community, personal humiliation, mental anguish or suffering, precede recovery. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 348–50, 94 S.Ct. 2997, 3009, 3011–12, 41 L.Ed.2d 789 (1974).

At the trial of this matter the court heard from plaintiff's friends and acquaintances, both personal and professional, of plaintiff's good character and excellent reputation as a dentist and mortician. No evidence was presented suggesting that as a result of reading the publication anyone thought any less of plaintiff in a personal or business sense. No evidence was heard that either of plaintiff's businesses suffered as a result of the publication. Contrary to plaintiff's contention, the evidence concerning the display of the article in question to Charles Altsman by Professor Byron Starr, a person with whom plaintiff had had philosophical differences concerning mortuary trade practices predating this publication, showed that Mr. Altsman's opinion of plaintiff was unchanged by the article.

■ Plaintiff himself testified that he was depressed because of the publication but there was no evidence of a physical or emotional reaction nor financial evidence sufficient to prove up the mental anguish claimed. In *Gertz* the Supreme Court held

that actual injury was required to support a finding of liability. *Gertz v. Welch*, 418 U.S. at 350, 94 S.Ct. at 3012. The nature of injuries recoverable in public figure libel cases was left to the states to define. *Id.* In Texas, the question has not yet been squarely addressed by the courts since *Gertz*, but in *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 86 (Tex.Civ.App.—Ft. Worth 1982), the self serving statements by plaintiff of embarrassment and humiliation without other, independent indicia of injury, were deemed to be insufficient evidence of mental anguish. Generally Texas courts have required evidence of "intense pain of body and mind and something more than mere worry, vexation or disappointment" to support damages for mental anguish. 17 Tex.Jur.2d Damages §§ 125 & 126. This court holds that no evidence of actual injury sufficient to satisfy the above standards was presented to the jury so as to support the verdict. Further, the court concludes that in the wake of *Gertz* even if evidence was heard that the article *tended* to injure plaintiff, that a mere tendency to injure without proof of actual injury cannot support a finding of defamation, contrary to a literal reading of the Texas libel statute.

■ Defendants also argue that there was no clear and convincing evidence of publication with actual awareness of falsity or with reckless disregard of truth or falsity. Recently, the Supreme Court has reiterated that findings of actual malice in defamation cases require careful review and an independent examination of the whole record by appellate courts to ensure that the *New York Times v. Sullivan*, 376 U.S. 254, 272, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964), standard is met. *Bose Corp. v. Consumers Union of U.S., Inc.*, —— U.S. ——, 104 S.Ct. 1949, 1960, 80 L.Ed.2d 502 (1984). Proof of "reckless disregard" requires evidence that the article was published with a high degree of awareness of its probable falsity and that defendant entertained serious doubts as to the truth of the publication. *Foster v. Upchurch*, 624 S.W.2d 564, 566 (Tex.1981). In ruling on the motion for judgment n.o.v., this court

considers its constitutional responsibility of insuring that speech found libelous by the jury is indeed outside the protection of the first amendment, no differently than in *Bose, New York Times* or *Foster.*

■ Reviewing the proof in this case the court cannot agree that there was clear and convincing evidence of either actual awareness or reckless disregard of probable falsity. At most, the evidence showed that defendant Fisher negligently wrote an article based only on his recollection of unverified statements contained in an earlier published article, and that defendant Berg negligently published an article without verifying the facts contained therein. Evidence that plaintiff and defendants held conflicting views on funeral industry practices does not demonstrate publication with actual malice. Furthermore, examination of the article itself, read in its entirety, does not demonstrate malice. Words used therein with reference to plaintiff and his dentistry and funeral businesses are not in and of themselves sufficient evidence of actual malice. *Foster v. Upchurch*, 624 S.W.2d at 566. Finally, the only phrase that arguably contains a falsity, that regarding plaintiff's dental business and credentials (p. 2 Exhibit A to Plaintiff's Complaint: "would be dentist") is inconsistent with the majority of other references to plaintiff as the "dentist from Texas" without further qualification. When assessing falsity of an allegedly libelous publication, the Court must examine the speech in its entirety, recognizing that some error is inevitable. *New York Times v. Sullivan*, 376 U.S. at 271, 84 S.Ct. at 721. The Court cannot agree that this article is outside first amendment protection. *Bose* mandates that the jury finding of malice be set aside.

In light of the above the court does not address defendants' final contention that the article was one of opinion only.

Finding no evidence of injury and constitutionally insufficient evidence of actual malice to support the jury's verdict, the court GRANTS defendants' motion for

judgment n.o.v. and directs that the judgment previously entered on July 13 be set aside and the judgment signed this date be entered.