# IN THE SUPREME COURT OF TEXAS

No. 19-1112

ARMANDO MONTELONGO, JR., REAL ESTATE TRAINING INTERNATIONAL, LLC,
PERFORMANCE ADVANTAGE GROUP, INC., AND LICENSE BRANDING, LLC,
PETITIONERS,

v.

CECIL G. ABREA, ET AL., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**Argued February 4, 2021**

JUSTICE BOYD delivered the opinion of the Court.

The Texas Citizens Participation Act (TCPA)[1] provides for the dismissal of certain "legal actions" that are based on or in response to a party's exercise of the right of free speech, petition, or association.[2] Absent an extension by agreement or for good cause, the party seeking dismissal must file a motion within sixty days after the party is served with the legal action.[3] In this case, the defendants did not file a TCPA dismissal motion in response to the plaintiffs' original petition but

---

[1] TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The legislature extensively amended the TCPA in 2019, after this suit was filed, *see* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684, but the parties agree that those amendments did not affect the provisions at issue here.

[2] TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1); *see also id.* § 27.001(2)–(4) (defining such rights for TCPA purposes).

[3] *Id.* § 27.003(b).

did file one within sixty days after the plaintiffs served an amended petition adding new legal claims based on the same essential facts alleged in the original petition. The issue is whether the amended petition asserted a new "legal action" that triggered a new sixty-day period for filing a dismissal motion.

We hold that an amended or supplemental pleading that asserts the same legal claims or theories by and against the same parties and based on the same essential facts alleged in a prior pleading asserts the same "legal action" to which the sixty-day period previously applied and thus does not trigger a new sixty-day period for filing a dismissal motion. But to the extent an amended or supplemental pleading either (1) adds a new party or parties, (2) alleges new essential facts to support previously asserted claims, or (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted, the new pleading asserts a new legal action and triggers a new sixty-day period as to those new parties, facts, or claims. Because the plaintiffs' amended petition in this case asserted new legal claims, the defendants' motion to dismiss those claims was timely. We therefore reverse the court of appeals' judgment denying the defendants' dismissal motion as untimely and remand the case for that court to address issues it did not reach.

## I.
## Background

Armando Montelongo, Jr. is a real estate investor and president of three companies: Real Estate Training International, LLC, Performance Advantage Group, Inc., and License Branding, LLC. Real Estate Training International and Performance Advantage Group produce, sell, and conduct real-estate-education seminars, during which Montelongo teaches principles, methods,

and strategies for real-estate investing. License Branding is a holding company that owns the trademarks and copyrights the other two companies use.

Cecil G. Abrea and 422 others (collectively, Abrea) allege that they "suffered financial and emotional harm after being defrauded into purchasing one or more of [Montelongo's] seminars or products." According to Abrea, the seminars "are not genuine educational offerings" as advertised. Instead, they are part of a "fraudulent scheme" through which Montelongo subjects participants to coercive "upsells" designed to force them to purchase additional seminars, products, and services from Montelongo and others allied with him. Abrea filed this suit against Montelongo and the three companies (collectively, Montelongo) on July 17, 2018. In his original petition, Abrea asserted claims for deceptive trade practices, negligence, and negligent misrepresentation, seeking relief in the form of actual damages, treble damages, and attorney's fees.

Montelongo filed his original answer on November 13, 2018, asserting a general denial and several defenses. On December 7, 2018, Montelongo filed a motion to dismiss under Texas Rule of Civil Procedure 91a, asserting that Abrea's pleadings established on their face that the two-year statute of limitations bars most of Abrea's claims. *See* TEX. R. CIV. P. 91a (permitting dismissal of claims having "no basis in law or fact").

On January 22, 2019, Abrea filed both a response to the rule 91a dismissal motion and a first amended petition. The amended petition reasserted the claims for deceptive trade practices, negligence, and negligent misrepresentation, and added new claims for fraud, conspiracy to

commit fraud, fraudulent concealment, and breach of contract. The amended petition alleged the same essential facts alleged in the original petition and requested the same relief.[4]

On January 31, 2019, the trial court denied Montelongo's rule 91a dismissal motion. On March 25, 2019, within sixty days after he was served with the amended petition, Montelongo filed a TCPA dismissal motion. Montelongo sought dismissal of the fraudulent-concealment claims and "certain portions" of the fraud and conspiracy claims on the grounds that the claims relate to or are in response to Montelongo's exercise of the rights of speech and association.

Specifically, Montelongo pointed to Abrea's allegations that Montelongo engaged in (1) "self-dealing," by using affiliates to sell products at inflated prices without disclosing his financial interests in those sales, (2) "predation," by encouraging participants to transfer their retirement-account funds into self-directed individual retirement accounts held by Montelongo's affiliates, and (3) "deletion of Facebook posts," by monitoring plaintiffs' Facebook groups and deleting posts and comments that criticized Montelongo or his affiliates. Montelongo sought dismissal of the fraudulent-concealment, fraud, and conspiracy claims to the extent they are based on or in response to this alleged conduct because the alleged conduct involved Montelongo's exercise of his rights of speech and association.

In response, Abrea argued that (1) Montelongo's TCPA dismissal motion was untimely, and (2) even if the motion was timely, the TCPA does not apply because the claims complain about commercial speech and are therefore exempted from the TCPA.[5] In support of his untimeliness

---

[4] Noting that Abrea's new claims are subject to a four-year limitations period, Montelongo argued that Abrea added the new claims simply to survive Montelongo's rule 91a dismissal motion.

[5] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(2) (laying out the TCPA's "commercial-speech exemption"); *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 686 (Tex. 2018) (per curiam) (addressing TCPA's commercial-speech exemption).

4

argument, Abrea pointed out that he had alleged the same self-dealing, predation, and Facebook-post-deletion facts in his original petition, as the basis for his deceptive-trade-practices, negligence, and negligent-misrepresentation claims. Abrea argued that the newly asserted fraud and conspiracy claims did not trigger a new sixty-day period because they arose "out of factual allegations that were first made in the Original Petition." Because the amended petition did not "alter the essential nature of this action," Abrea argued that Montelongo's "time to bring a TCPA motion should be calculated from the date of service of the Original Petition."

The trial court denied Montelongo's TCPA dismissal motion without stating its reasons, and Montelongo appealed. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(b) (permitting interlocutory appeal "from a trial court order on a motion to dismiss a legal action"). The court of appeals affirmed, agreeing with Abrea that, although the amended petition asserted new legal claims, it did not trigger a new sixty-day period because the original petition alleged the "same essential factual allegations" as the amended petition. *Montelongo v. Abrea*, 612 S.W.3d 71, 76 (Tex. App.—San Antonio 2019). Having decided that Montelongo's dismissal motion was untimely, the court did not reach Abrea's commercial-speech-exemption argument and instead assumed that the TCPA applies. *Id.* at 76 n.4. We granted Montelongo's petition for review to decide, as a matter of first impression in this Court, when amended and supplemental pleadings constitute or assert a new "legal action" that starts a new sixty-day period for filing a TCPA dismissal motion.

## II.
### "Legal Action"

The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused.

5

TEX. CIV. PRAC. & REM. CODE § 27.002.[6] To accomplish this objective, the Act provides a three-step process for the dismissal of a "legal action" to which it applies. *Castleman*, 546 S.W.3d at 691 (describing three-step process). First, the defendant must demonstrate that the "legal action" is "based on or is in response to" the defendant's exercise of the right of speech, petition, or association. TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), .005(b). Second, if the defendant meets that burden, the claimant may avoid dismissal by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Finally, if the claimant meets that burden, the court still must dismiss the "legal action" if the defendant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

In deciding whether a "legal action" should be dismissed, the trial court must consider the "pleadings" and "evidence . . . stating the facts on which the liability or defense is based." *Id.* § 27.006(a). For each step, the Act provides specific procedures and deadlines for filing, responding to, hearing, ruling on, and appealing the dismissal motion. *Id.* §§ 27.003–.005, .008.

The dismissal motion itself must be filed "not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b). The Act expressly defines a "legal action" to mean "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). As we

---

[6] Because a "legal action" includes a cross-claim or a counterclaim, *see id.* § 27.001(6), the party who files a legal action may not necessarily be the "plaintiff," and the party seeking dismissal of the legal action may not necessarily be the "defendant." Recognizing this, the TCPA does not use those terms but instead refers to the "moving party" and to the "party responding to the motion," the "party bringing the legal action" and "the responding party," or some derivative of these terms. *See id.* §§ 27.003(d); .005(b), (c), (d); .007(a); .008(a); .009(a), (b), (c); .010(a)(8). For efficiency's sake only, and without intending to limit the meaning of our references, we will generally refer to the moving party as the "defendant" and to the responding party who filed the legal action as the "claimant."

6

recently observed, this definition is "undeniably 'broad'" and "encompass[es] any 'procedural vehicle for the vindication of a legal claim.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 8 (Tex. 2018) (quoting *Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)).

## A.    New petitions, parties, and factual allegations

Relying on the definition's express language, Montelongo argues that Abrea's amended "petition"—a "pleading" or "filing" that asserts new "causes of action" and requests "legal . . . relief"—constitutes or asserts a new "legal action," triggering a new sixty-day period for filing a motion to dismiss the new claims. Abrea argues that his amended petition did not constitute or assert a *new* "legal action," even though it asserted new legal claims, because the new claims are based on the same essential facts alleged in the original petition.

Although we have not previously addressed this issue, Texas courts of appeals have addressed it in numerous cases. The courts have consistently agreed that an amended or supplemental pleading does not constitute or assert a new legal action if it asserts the same legal claims or causes of action by and against the same parties based on the same essential factual allegations.[7] If, however, the new pleading adds a new party as a claimant or defendant, the courts

---

[7] *See, e.g.*, *In re C.T.H.*, 617 S.W.3d 57, 61–62 (Tex. App.—Dallas 2020, no pet.) (holding renewed request for injunctive relief did not start new sixty-day period because the "request for injunctive relief was essentially unchanged" compared to the original pleading containing the request); *Borderline Mgmt., LLC v. Ruff*, No. 11-19-00152-CV, 2020 WL 1061485, at *7–8 (Tex. App.—Eastland Mar. 5, 2020, pet. denied) (mem. op.) (holding amended petition did not start new sixty-day period because its "factual allegations . . . essentially remain[ed] the same," and it did not allege a "new claim" or make "substantively new factual allegations that changed the essential nature of the claims"); *TV Azteca, S.A.B. de C.V. v. Trevino Ruiz*, 611 S.W.3d 24, 31 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.) (holding amended petition that added "additional information" to fourteen previously alleged defamatory statements did not assert "new factual allegations so as to restart the clock on appellants' TCPA motion to dismiss deadline"); *Mancilla v. Taxfree Shopping, Ltd.*, No. 05-18-00136-CV, 2018 WL 6850951, at *3 (Tex. App.—Dallas Nov. 16, 2018, no pet.) (mem. op.) (holding amended petition asserting new claims based on new factual allegations did not trigger new sixty-day period because the new factual allegations did not change "the essential nature" of the action); *Bacharach v. Garcia*, 485 S.W.3d 600, 602–03 & n.3 (Tex. App.—Houston [14th Dist.] 2016, no pet.)

7

have agreed that the pleading asserts a new legal action and starts a new sixty-day period to file a dismissal motion, but only as to the claims asserted by or against the new party.[8] And the courts have also consistently agreed that an amended pleading constitutes or asserts a new legal action if it includes new "essential factual allegations" that were not included in the prior pleading, allowing a new sixty-day period to seek dismissal of claims to the extent they are based on those new factual allegations.[9]

We agree with these holdings. Montelongo argues that Abrea's amended petition qualifies as a "legal action" because the Act expressly defines a "legal action" to include a "petition" and a

---

(holding amended petition asserting no new claims did not trigger new sixty-day period but expressing no opinion on whether assertion of new causes of action would have triggered new sixty-day period); *Paulsen v. Yarrell*, 455 S.W.3d 192, 197–98 (Tex. App.—Houston [1st Dist.] 2014, no pet.), *superseded by statute on other grounds as stated in Jordan v. Hall*, 510 S.W.3d 194, 198–99 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (holding supplemental pleading that did not add new parties or claims and relied on the "same essential factual allegations" as original petition did not start new sixty-day period); *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 193–94 (Tex. App.—El Paso 2014, no pet.) (holding second amended petition asserting same claims and facts against same defendant named in first amended petition did not trigger new sixty-day period for defendant); *In re Est. of Check*, 438 S.W.3d 829, 837 (Tex. App.—San Antonio 2014, no pet.) (holding amended counterpetition that did not add new claims or parties provided "neither a basis nor a compelling reason to reset the original sixty-day deadline").

[8] *See Shields v. Shields*, No. 05-18-01539-CV, 2019 WL 4071997, at *5 (Tex. App.—Dallas Aug. 29, 2019, pet. denied) (holding amended petition adding new claims and new parties triggered new sixty-day period as to those claims and parties, but not as to the original plaintiff's original fraudulent-inducement claim against the original defendant); *Miller Weisbrod*, 511 S.W.3d at 193–94 (holding first amended petition naming new defendant started new sixty-day period for that defendant to file dismissal motion); *Better Bus. Bureau of Metro. Dall., Inc. v. Ward*, 401 S.W.3d 440, 443 (Tex. App.—Dallas 2013, pet. denied) (holding amended petition adding new plaintiff started new sixty-day period for motion to dismiss that plaintiff's claims, but not the original plaintiff's claims); *cf. San Jacinto Title Servs. of Corpus Christi, LLC. v. Kingsley Props., LP*, 452 S.W.3d 343, 350–51 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (holding TCPA did not apply to amended petition naming new defendant because original petition, filed before TCPA became effective, named new defendant's predecessor in interest, so suit was effectively pending against new defendant since before TCPA became effective).

[9] *See, e.g.*, *Mancilla*, 2018 WL 6850951, at *3 (holding amended pleading "asserting claims based upon new factual allegations may reset a TCPA deadline as to the newly added substance"). In *Kinder Morgan v. Scurry County*, also issued today, we reaffirm this rule, holding that "a new sixty-day window commenced from the addition of facts alleging taxpayer-fraud" in the second amended petition because the original petition did not allege such facts. ___ S.W.3d ___, ___ (Tex. 2021) [Cause No. 19-1122, slip op at ___]. That is, the new "factual allegations of taxpayer fraud . . . are 'new essential facts.'" *Id*.

"pleading" or "filing" that requests relief.[10] Generally, a petition is a "formal written request presented to a court," *Petition*, BLACK'S LAW DICTIONARY (11th ed. 2019), but in Texas parlance, the term is used "in a generic sense to embrace all the pleadings of the plaintiff in the course of the case," 58 Tex. Jur. 3d *Pleading* § 110 (2021) (citing *Underwood v. Parrott*, 2 Tex. 168 (1847)).[11] Because the TCPA's definition of a "legal action" includes a "petition," "pleading," or "filing," without limiting it to an "original" petition, pleading, or filing or excluding "amended" petitions, pleadings, or filings, Montelongo argues that Abrea's filing and service of an amended "petition" started a new sixty-day period for filing a dismissal motion.

We agree, of course, that an amended petition, pleading, or filing is a "petition," "pleading," or "filing," and in that sense, we conclude that every amended or supplemental petition falls within the broad definition of a legal action. But we cannot agree that the claimant's service of *any* amended or supplemental petition, pleading, or filing triggers a new sixty-day period for filing a dismissal motion. We cannot construe the Act to grant a new deadline for "legal actions" that have previously been served, because doing so would render the Act's deadlines meaningless. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous."). Construing the Act to permit a defendant to file a dismissal motion after the

___

[10] Abrea argues that Montelongo waived this argument by failing to raise it in the courts below. But our preservation rules recognize that parties may waive *issues*, not *arguments*, by failing to raise them. *See Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 885 (Tex. 2017) (citing TEX. R. APP. P. 53.2(f), 55.2).

[11] Because the TCPA does not define the term "petition," we must apply its common, ordinary meaning unless a contrary meaning is apparent from the statute's language. *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34–35 (Tex. 2017).

9

claimant files a new pleading asserting the same claims by and against the same parties and based on the same essential facts would negate the sixty-day deadline completely.

In this sense, our holdings in this case depend not merely on the Act's definition of a legal action, but on its requirement that a "motion to dismiss a legal action . . . must be filed not later than the 60th day after the date of service of *the* legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(b) (emphasis added). Construing the Act to permit a dismissal motion after the filing and service of a legal action when that same legal action was previously filed and served would render the deadline meaningless. Although an amended petition that adds no new parties, claims, or essential factual allegations is, of course, a "petition" that asserts a "cause of action" and constitutes a "pleading or filing that requests . . . relief," it merely reasserts the *same* legal action to which the deadline has already applied. We agree with the courts that have held that such an amended petition constitutes and asserts only the same "legal action" to which the deadline has already applied, and thus does not trigger a new sixty-day period for filing a dismissal motion.

We also agree with the courts that have held that an amended or supplemental petition that adds new parties or new essential factual allegations does assert a new legal action and starts a new sixty-day period as to the new parties and the claims based on the new factual allegations. Like an amended petition that involves the same claims, parties, and factual allegations, an amended petition that includes new parties or new essential factual allegations is a "petition" and a "pleading or filing that requests . . . relief," and thus qualifies as a "legal action," but it is not the *same* legal action to which the deadline has already applied.

**B.      New claims, causes of action, and legal theories**

The issue here, however, is whether an amended petition that asserts a new claim or legal theory, but does so based on the same essential factual allegations included in a prior petition, asserts a new "legal action." Like the court of appeals in this case, the courts that have addressed this issue have held it does not.[12] These courts have reasoned that (1) allowing the dismissal period to start anew when new claims are asserted based on the same essential facts would undermine the TCPA's purpose of promoting the "early" and "expedited" dismissal of legal actions to which it applies, and (2) as long as the prior pleading provided "fair notice" of the facts on which the claimant asserts a right to relief, as our rules require, the defendant was able to seek dismissal of all claims based on those facts. *See, e.g.*, *Reynolds*, 617 S.W.3d at 43–44; *Chandni*, 601 S.W.3d at 20; *Check*, 438 S.W.3d at 836. Abrea makes these same arguments in this Court.

We disagree. First, to the extent we may rely on the TCPA's purpose to inform our construction, its stated purpose is to protect a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries. TEX. CIV. PRAC. & REM. CODE § 27.002. The Act's purpose provision says nothing about promoting the "early" or "expedited"

---

[12] *See, e.g.*, *Reynolds v. Sanchez Oil & Gas Corp.*, 617 S.W.3d 30, 46–47, 48–49 (Tex. App.—Houston [1st Dist.] 2020, pet. filed) (holding amended petition asserting new causes of action or new theories of liability based on the same essential factual allegations did not start new sixty-day period); *Chandni, Inc. v. Patel*, 601 S.W.3d 13, 19–20 (Tex. App.—El Paso 2019, pet. denied) (same); *Maldonado v. Franklin*, No. 04-18-00819-CV, 2019 WL 4739438, at *4–5 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (mem. op.) (same); *ETC Tex. Pipeline, Ltd. v. Addison Expl. & Dev., LLC*, 582 S.W.3d 823, 833 (Tex. App.—Eastland 2019, pet. denied) (same); *Campone v. Kline*, No. 03-16-00854-CV, 2018 WL 3652231, at *6 (Tex. App.—Austin Aug. 2, 2018, no pet.) (mem. op.) (same); *Jordan*, 510 S.W.3d at 198–99 (same); *James v. Calkins*, 446 S.W.3d 135, 145–46 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (same). Montelongo argues that the Corpus Christi–Edinburg Court of Appeals has held that the assertion of a new "claim" in an amended petition starts a new sixty-day dismissal period regardless of whether the new claim is based on the same essential factual allegations. *See Hicks v. Grp. & Pension Adm'rs, Inc.*, 473 S.W.3d 518, 529–30 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.) (holding defendant's dismissal motion was timely as to "two claims" that were first asserted in amended petition). But as Abrea notes, although the *Hicks* court did not specify that the new claims must be based on new essential facts, it did describe the new facts on which the two new claims were based, and it cited and relied on cases that had imposed the new-essential-facts requirement. *Id.* at 528–30.

11

dismissal of claims. To be sure, as we have repeatedly recognized,[13] the Act's effect is to promote early and expedited dismissals by imposing procedures and deadlines for filing, responding to, hearing, ruling on, and appealing a dismissal motion. *See id.* §§ 27.003–.005, .008. But what it promotes is the early dismissal of a "legal action." By defining "legal action" to include not just "lawsuits," "petitions," "pleadings," and "filings," but also "causes of action," "cross-claims," and "counterclaims," the Act permits a party to seek dismissal within sixty days after service of a cause of action or claim, even if it's not "early" in the litigation.

Nor do we agree that our "fair notice" pleading standard justifies limiting a "legal action" to "essential factual allegations." Our rules require pleadings to provide not just fair notice of factual allegations, but a "short statement of the *cause of action* sufficient to give fair notice of the *claim* involved." TEX. R. CIV. P. 47(a) (emphases added). A pleading must give fair notice not just of alleged facts, but "of the claim and the relief sought such that the opposing party can prepare a defense," *Lipsky*, 460 S.W.3d at 590, and "ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant," *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Providing only fair notice of factual allegations does not provide fair notice of claims or causes of action asserted based on those alleged facts.

---

[13] *See Best*, 562 S.W.3d at 4–5 (stating the Act "allows a defendant to obtain expedited dismissal of certain legal actions"); *Castleman*, 546 S.W.3d at 685 (stating the Act "provides for the expedited dismissal of certain legal actions"); *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 431 (Tex. 2017) (referring to "a defamation lawsuit's early dismissal under" the Act); *KBMT Operating Co. v. Toledo*, 492 S.W.3d 710, 713 (Tex. 2016) (stating the Act "allows for the early dismissal of a legal action"); *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016) (stating the Act "provides an expedited procedure for the early dismissal of groundless legal actions"); *Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016) (stating the Act "provides for the expedited dismissal of a legal action"); *In re Lipsky*, 460 S.W.3d 579, 586, 590 (Tex. 2015) (orig. proceeding) (explaining the Act provides a "special procedure for the expedited dismissal of such suits" and directs courts to decide on dismissal "early in the proceedings").

Instead of relying on our pleading standards and the TCPA's purpose, we look to the TCPA's language, applying its definitions and the common, ordinary meaning of undefined terms, while also considering their statutory context and avoiding rendering any provision meaningless. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019); *Best*, 562 S.W.3d at 11; *Castleman*, 546 S.W.3d at 687–88; *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

As discussed, the TCPA defines "legal action" to include "causes of action," "cross-claims," and "counterclaims" in addition to lawsuits, petitions, and pleadings that assert such causes of action and claims. TEX. CIV. PRAC. & REM. CODE § 27.001(6). Abrea argues that, by referring to a "cause of action," the definition confirms that what matters are the essential facts alleged, rather than the legal claim or theory asserted. In support, he notes that we have consistently defined "cause of action" to mean a "fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *See Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 364 (Tex. 2019); *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014) (plurality op.); *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012); *In re Jorden*, 249 S.W.3d 416, 421 (Tex. 2008); *A.H. Belo Corp. v. Blanton*, 129 S.W.2d 619, 621 (Tex. 1939); *W. Wool Comm'n v. Hart*, 20 S.W. 131, 132 (Tex. 1892).

But even under this definition, a "cause of action" involves more than mere facts—it involves facts that *give rise to legal relief. See Jaster*, 438 S.W.3d at 564–65; *A.H. Belo*, 129 S.W.2d at 621. When evaluating a cause of action, we consider not just the facts, but whether those facts establish the existence of a legal right or duty and the violation or breach of that right or duty. *Weems*, 575 S.W.3d at 364 (focusing inquiry on whether the facts involved a departure from

"accepted standards"); *Hart*, 20 S.W. at 132 (explaining that the claimant's right and the "violation or invasion of his right" are "part of the cause of action" and "necessary as a foundation for the suit"). Thus, although a "cause of action" differs from a "claim" in that it exists even before a suit is filed, it is similar to a "claim" in that "they both refer to a legal right that a party asserts in the suit that constitutes the action." *Jaster*, 438 S.W.3d at 564.

By providing for the dismissal of a "cause of action," of course, the TCPA necessarily refers to a cause of action that has been asserted in a "suit that constitutes the action." *Id.* And to assert a cause of action, the pleading must be sufficient to enable a court to determine, with reasonable certainty, not just the facts, but "the elements of [the] cause of action and the relief sought with sufficient information upon which to base a judgment." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). So once pleaded, a cause of action consists not merely of the alleged facts, but also the elements those facts must establish to entitle the claimant to relief.

Considering the statutory context of the definition, we conclude that this is necessarily the sense in which the TCPA uses the phrase "cause of action" to define a "legal action." Indeed, the TCPA provides for dismissing a "legal action," TEX. CIV. PRAC. & REM. CODE § 27.005(b), and courts cannot dismiss "a fact or facts." Rather, courts dismiss claims, causes of action, cases, and lawsuits. *See, e.g.*, TEX. R. CIV. P. 91a.1, 162, 163.

In addition, section 27.005(c) enables a claimant to avoid dismissal by offering "clear and specific evidence [of] a prima facie case for *each essential element of the claim* in question." TEX. CIV. PRAC. & REM. CODE § 27.005(c) (emphasis added). While this provision indisputably requires the claimant to submit evidence of facts, the facts themselves are meaningless and cannot prevent dismissal unless they sufficiently establish "each essential element of the claim." *See id.*

14

Certainly, the essential facts alleged in a pleading comprise part of the cause of action and thus part of the legal action as the TCPA defines that phrase. In fact, in seeking or opposing a TCPA dismissal, the parties must rely on the pleadings and evidence "stating the facts on which the liability or defense is based." *Id.* § 27.006(a). This is why we have agreed that, when an amended or supplemental pleading includes new essential factual allegations, it asserts a new legal action that triggers a new sixty-day period for filing a motion to dismiss claims based on those new allegations.

But the elements of the claim asserted also comprise part of the legal action as the TCPA uses that phrase. To avoid dismissal, the claimant must establish not just facts, but facts that form a "prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). So in the same way, an amended or supplemental pleading that asserts a new claim involving different elements than a previously asserted claim also asserts a new legal action that triggers a new sixty-day period for filing a motion to dismiss that new claim. A new claim that does not involve different elements, however, or that is merely a "subset" of previously filed claims, does not assert a new legal action. *Maldonado*, 2019 WL 4739438, at \*4; *Jordan*, 510 S.W.3d at 198–99.

### III.
### Conclusion

We hold that Abrea's amended petition asserting new legal claims asserted new "legal actions" and thus triggered a new sixty-day period for Montelongo to file a motion to dismiss those new claims, even though the amended petition did not include new essential factual allegations. The court of appeals thus erred in holding that Montelongo's motion to dismiss those new claims was untimely. We reverse the court of appeals' judgment and remand the case to that court so that it may address issues it did not reach.

15

_____
Jeffrey S. Boyd
Justice

Opinion delivered: April 30, 2021